MANUEL CORREIA & others *vs.* SUPREME LODGE OF THE PORTUGUESE FRATERNITY OF THE UNITED STATES OF AMERICA.

Suffolk. March 5, 6, 1914. — June 17, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Fraternal Beneficiary Corporation. Mandamus.*

A hearing before the executive board of a fraternal beneficiary corporation, upon a complaint made to the Supreme Lodge that a reinstatement of a certain member by a subordinate lodge was contrary to the constitution and by-laws of the corporation, is *quasi* judicial in character and ought to be conducted in a spirit of impartiality, and a reasonable opportunity ought to be given to the subordinate lodge to learn the nature of the charges preferred and to present evidence and arguments in reply. Whether the hearing involved in the present case possessed these essential elements, it did not become necessary to decide.

On a petition for a writ of mandamus to compel the Supreme Lodge of a fraternal beneficiary corporation to reinstate a subordinate lodge of which the petitioners were members, it appeared that the vote to expel the subordinate lodge had been passed by the executive board of the Supreme Lodge, that the constitution and by-laws of the order gave a right of appeal to the Supreme Lodge itself from all decisions of the executive board relating to grievances of the subordinate lodges, and provided that a decision of the executive board should be binding "unless the Supreme Lodge reverses it on appeal," and that the petitioners for the writ of mandamus had failed to prosecute an appeal to the Supreme Lodge. The members of the executive board were members of the Supreme Lodge, but constituted a minority, a substantial majority of the board made being up of delegates of the subordinate lodges, and, although certain utterances of some members of the executive board at the hearing at which the vote of expulsion was passed were unbecoming in persons exercising a judi-

cial function, they were not such as to disqualify them from acting as members of the Supreme Lodge upon an appeal from their decision. *Held,* that the petition for the writ of mandamus was brought prematurely by reason of the failure of the petitioners first to resort to an appeal to the Supreme Lodge; because it could not be said that this mode of relief furnished by the constitution and by-laws of the order would be an idle ceremony.

RUGG, C. J. This is a petition for a writ of mandamus * to compel the reinstatement of Branch No. 9 Aurora, a subordinate lodge of the respondent fraternity of which the petitioners were members, and which has been declared dissolved and expelled by a vote of the executive board of the respondent. Thereby the petitioners have suffered financial loss in that they have been deprived of possible participation in the assets of the respondent. The respondent is a corporation organized under the laws of this Commonwealth for the purpose, among others, of paying death and disability benefits. Its constitution provides for the organization of subordinate lodges or branches, and confers upon the respondent jurisdiction and control over such subordinate lodges and members of the fraternity "with power to charter, suspend or dissolve subordinate lodges; to hear and decide all appeals; to redress all grievances arising in the lodges." The Supreme Lodge is composed of representatives from the subordinate lodges, together with the officers of the Supreme Lodge and all ex-Supreme Presidents, each person being entitled to one vote. Annual meetings of the Supreme Lodge are required, and the general supervision of the affairs of the respondent between these annual meetings is vested in an executive board of ten. A further provision is that "Any lodge may be suspended or dissolved and its charter declared without effect by the Supreme Lodge or by the board of directors. First, — For improper conduct; Second, — For neglecting or refusing to conform to constitution or laws of the Supreme or subordinate lodges, or the general laws and regulations of the association."

The root of the trouble from which this action has grown appears to have been the expulsion from the fraternity by the executive board of one Cunha, a member of Branch No. 9 Aurora. It is doubtful upon this record whether the grounds and method of that expulsion were in accordance with the rules of the fra-

* Reported by *Hammond,* J., for determination by the full court.

ternity. But that question, so far as it has any bearing upon this proceeding, is eliminated by reason of the fact that Cunha brought a petition for a writ of mandamus in the Supreme Judicial Court in this Commonwealth for reinstatement in the respondent order. When the case came on to be heard, it appeared that he had not alleged in his petition that any of his property rights were affected and that, on being given opportunity by the court, he declined to amend his petition by setting out such financial interest; whereupon his petition was dismissed. That judgment rendered the matter *res judicata* as between Cunha and the respondent as to every issue which was or might have been litigated in that action and estopped him from contesting the matter further. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 46. *Foye* v. *Patch*, 132 Mass. 105, 110. This, however, did not prevent the respondent, if it so desired, from righting what its members might regard as an injustice to Cunha. Thereafter the members of the Branch No. 9 Aurora passed a vote which was intended to recognize Cunha's continuing membership in the fraternity, although in form it was a vote to reinstate him in membership without conforming to the requirements of the order as to new members.

Complaint against Branch No. 9 Aurora was made to the Supreme Lodge on the ground that such reinstatement was contrary to the constitution and by-laws of the respondent. A copy of this complaint, together with notice of a time and place of hearing upon its subject matter, was given to the branch, and, after hearing, the vote expelling it from the order was passed by the executive board.

There is ground for complaint as to the manner in which this hearing was conducted. The branch was given permission to be represented by a committee of three and counsel. A committee representing the branch requested that there be pointed out what provisions of the constitution or laws of the order had been violated, but they were informed that they were not "there to learn the laws or ask questions," but to answer the charges in the complaint. One member of the committee who was unquestionably a member of the order, and who at one time had been and still claimed to be a member of this branch, was told that he could not act as a member of the committee, and that he could speak

only upon the understanding that nothing he said would be considered in reaching a decision. The counsel for the branch was permitted to address the executive board at length.

Hearings of this character are *quasi* judicial. They ought to be conducted in a spirit of impartiality, without prejudice, and a reasonably full opportunity ought to be given to learn the nature of the charges preferred and to present evidence and arguments in reply. It is not necessary to determine whether the hearing in question possessed these essential elements, because for another reason the petitioners cannot prevail.

The constitution of the order provides, among other things, that the jurisdiction of the Supreme Lodge is "to hear and decide all appeals; to redress all grievances arising in the lodges." The executive board is given authority to decide "all questions of law" properly submitted to them, and their decision shall be binding "unless the Supreme Lodge reverses it on appeal." These provisions of the constitution, fairly construed, mean that a right of appeal exists from all decisions by the executive board respecting grievances of the subordinate lodges. The jurisdiction of the Supreme Lodge is also to suspend or dissolve subordinate lodges. The Supreme Lodge is the governing body which has control of the affairs of the order, including the general power of direction over the duties of the executive board. These provisions are not drawn with fulness nor with care to establish a comprehensive code for the government of the order. On this account they ought not to be given a technical or narrow construction, but to be interpreted broadly for the purpose of affording as nearly as may be a workable organization. The power of the executive board to decide "all questions of law" in a very general sense includes the determination of the question whether under the laws of the order any lodge should be suspended or dissolved during the interval between the annual meetings of the Supreme Lodge. The provision that a decision shall be binding unless the Supreme Lodge reverses it on appeal is comprehensive enough to include decisions upon a point such as has here arisen. It follows that, giving the constitution of the order a liberal construction, a right of appeal is given from a decision of the executive board, such as the one here challenged, to the Supreme Lodge.

It is a well established principle relating to beneficiary organiza-

tions like the respondent, that the rights of its members must be settled in accordance with the provisions of their constitutions, and that every remedy available within the corporation or order, must be exhausted before the aid of a court can be invoked. *Hickey* v. *Baine*, 195 Mass. 446, 452, and cases cited. As these petitioners have failed to prosecute an appeal to the Supreme Lodge, they are not entitled at this time to ask the assistance of the courts to vindicate their rights.

It is urged by the petitioners that the executive board and the Supreme President have manifested so much partisan bias and prejudice against them that such an appeal would be useless and that therefore they are excused from prosecuting this remedy before appealing to the court. While this contention finds some support in the record, the facts do not go quite to the extent of overcoming the principle which has been stated. Although there were utterances by some members of the executive board during the hearing on the complaint against Branch No. 9 Aurora, which were unbecoming those charged with the exercise of the judicial function, yet these circumstances do not go to the length of disqualifying them as members of another body. They there will be charged with the performance of an important duty involving the rights of many beside these petitioners. Upon the facts disclosed on this record it cannot be said that the sobering sense of final responsibility and the tempering effect of the lapse of an interval of time will not be likely to enable them to proceed, with a decorum which will win confidence, to a determination which will command respect from its inherent justice. Of course the petitioners would not be bound to go through a useless formality or to seek for justice at the hands of a tribunal which had prejudged the matter in issue. But the Supreme Lodge is made up of a considerable number of members, and apparently the executive board, although members of it, constitute a minority, and a substantial majority is made up of the delegates of the subordinate lodges. It cannot be presumed in advance that this body, composed as it will be, will fail to proceed to a consideration of the appeal with open minds intent upon giving a fair hearing and reaching a just decision, and will not be amenable to the convincing power of the evidence produced and the arguments advanced. Hence, it cannot be said that resort to the channels

of relief furnished by the constitution of the order, to which the petitioners by becoming members in it agreed to submit themselves, would be an idle ceremony. It follows that the petition has been prematurely brought and the order must be

*Petition dismissed.*

*W. H. Barney* of Rhode Island, (*J. N. Carter & W. G. Andrew* with him,) for the petitioners.

*J. M. Marshall,* for the respondent.