ELIZA J. NORCROSS *vs.* BENJAMIN S. HASKELL, executor, & others.

Suffolk.    November 15, 16, 1927. — March 2, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Trust,* Existence of relation. *Equity Pleading and Practice,* Findings by judge.

Upon an appeal from a final decree dismissing a suit in equity against the executor of and legatees under the will of one to whom the plaintiff alleged she had caused real estate which she had purchased to be conveyed upon an oral trust or agreement for her benefit, it was *held,* that, although the defence of the statute of frauds was waived, the decree must be affirmed because the judge, on evidence warranting his finding, had found that no such oral trust or agreement existed.

BILL IN EQUITY, filed in the Superior Court on October 14, 1925, and afterwards amended, described in the opinion.

The suit was heard by *McLaughlin,* J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926) to take the evidence. Material facts found by the judge are stated in the opinion. By his order a final decree was entered dismissing the bill. The plaintiff appealed.

*J. A. Tirrell,* (*E. C. Barringer* with him,) for the plaintiff.

*E. N. Jones,* for the defendants.

SANDERSON, J.    The bill alleges, in substance, that in 1892 the plaintiff bought a parcel of real estate on Union

Park, Boston, paying for it with her own money but taking title in the name of another who agreed to hold it in trust for her, and in pursuance of that agreement the property was conveyed to the plaintiff in 1895; that she held it until 1901, when she conveyed it to another person who agreed to hold it in trust and to convey to whomsoever the plaintiff might direct; that in the same year, by direction of the plaintiff the property was conveyed to one Hunt who likewise agreed to hold it in trust for the plaintiff; that in 1907, by her direction, Hunt conveyed it to the plaintiff's sister, Mary L. Cross, with the agreement on her part to hold title for the benefit of the plaintiff, who was to retain full management and control. The title to the property was in Mrs. Cross when she died. The bill is brought against the executor of her will and the residuary legatees thereunder, to have a trust in the property declared for the plaintiff's benefit and to have the title conveyed to her. None of the alleged agreements or declarations was in writing. The defence of the statute of frauds was waived. The evidence upon which the plaintiff relied to establish a trust in her favor consisted almost wholly of her own uncorroborated testimony.

She contends that, having purchased the real estate with her own money and later having caused it to be conveyed to her sister without consideration and for the plaintiff's sole benefit unless Mary L. Cross should later decide to acquire an interest therein, a conveyance of the property to the plaintiff should now be decreed. She testified to an oral agreement with her sister to the effect that the property was really the plaintiff's. The defendants offered evidence tending to show that the plaintiff, on former occasions, had asserted that the house was her sister's and that, in other matters, she had taken positions contrary to her testimony. The judge did not credit the plaintiff's testimony and after stating his reasons therefor concluded with the following finding: "Upon all the evidence I do not find that the plaintiff has sustained the burden of proving that when the property in question was conveyed by Hunt to Cross it was conveyed subject to any trust in favor of the plaintiff or under any agreement on the part of Hunt with Cross, or on the .part

of Cross with the plaintiff, or of any of those concerned in the conveyance that it should be held for the plaintiff's benefit, nor that the property was impressed with any trust for her benefit from the inception of Mrs. Cross's title till her death. In view of the foregoing, it is not necessary that I should pass upon the various requests for rulings or findings of fact by either party. I find for the defendant and order the bill dismissed with costs."

As the findings of the judge are sufficiently supported by the evidence they are conclusive against the plaintiff's contention that the property was impressed with a trust in her favor, arising by operation of law or otherwise. *Howe* v. *Howe*, 199 Mass. 598, 602. *Davis* v. *Downer*, 210 Mass. 573, 575. *Liberty Trust Co.* v. *Hayes*, 244 Mass. 251, 254, 255. *Quinn* v. *Quinn*, 260 Mass. 494, 497, 501, 503. The motions to expunge parts of the answer were properly denied. The motions to set aside the findings and to reopen the case to hear further testimony were addressed to the discretion of the trial judge and in his denial of them we find no error; nor does any appear in the refusal of the judge to make the rulings and findings requested. See *Berenson* v. *French*, 262 Mass. 247. All questions argued have been considered.

                 *Decree dismissing bill affirmed with costs.*