SALVATORE PULEIO & others *vs.* SONS OF ITALA AND NEIGHBORHOOD MUTUAL BENEFIT SOCIETY.

Suffolk.    December 4, 1928. — February 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Fraternal Beneficiary Corporation. Equity Jurisdiction,* Suit relating to internal affairs of fraternal corporation.

A member of a fraternal beneficiary corporation who alleges that he has been unlawfully subjected to disciplinary action by the corporation cannot maintain a suit in equity against the corporation to have its action declared illegal if it appears that the by-laws of the corporation provide him with a remedy within the corporation and that he has not resorted to such remedy before bringing his suit, and it does not appear that such resort would have been merely illusory and vain.

BILL IN EQUITY, filed in the Superior Court on October 8, 1926, against a fraternal beneficiary corporation and described in the opinion.

The suit was referred to a master. Material facts found by the master are stated in the opinion. It afterwards was heard by *Bishop,* J., by whose order there were entered an interlocutory decree overruling exceptions by the defendant to the master's report and confirming the report, and a final decree dismissing the bill. The plaintiffs appealed from the final decree.

*H. E. Perkins,* for the plaintiffs.

*F. M. Zottoli,* for the defendant.

WAIT, J. The plaintiffs by their original bill sought to restrain the defendant from expelling or suspending them as members, and to obtain a determination that certain action of the defendant had been so illegal that the plaintiffs, in opposing it, were acting rightly and should not be deprived of membership in consequence. By a supplemental bill they alleged that votes of expulsion had been passed and prayed that the votes be declared null and the society and its officers be ordered to restore the plaintiffs to good and regular standing. The case was referred to a master. The defendants

filed exceptions to his report which were overruled.  The report was confirmed, and, after hearing, a final decree was entered dismissing the bill.  Appeal was claimed from the final decree only.

The master's report shows that the plaintiffs were guilty of conduct which exposed them to discipline from the society under articles in its by-laws.  A remedy by appeal was provided by the by-laws.  The plaintiffs did not resort to that remedy before making this appeal to the court.  Our decisions are clear that a member of such a society must have resorted to the remedies afforded within the society before he can maintain proceedings in court for redress.  *Chamberlain* v. *Lincoln,* 129 Mass. 70.  *Karcher* v. *Knights of Honor,* 137 Mass. 368.  *Oliver* v. *Hopkins,* 144 Mass. 175.  *Hickey* v. *Baine,* 195 Mass. 446, 452.  *Crawford* v. *Nies,* 220 Mass. 61, 66.  *Correia* v. *Portuguese Fraternity,* 218 Mass. 305. See *Moustakis* v. *Hellenic Orthodox Society,* 261 Mass. 462.

An exception exists where the facts show that such resort would be merely illusory and vain.  *Barbrick* v. *Huddell,* 245 Mass. 428, 436.  See *Horgan* v. *Metropolitan Mutual Aid Association,* 202 Mass. 524.

Neither the allegations of the bills nor the report of the master make out a case within the exception.  There was no error and the order must be

*Decree affirmed.*