Louis Agrippino & others *vs.* John Perrotti & others.

Suffolk.     November 13, 1929. — January 15, 1930.

Present: Rugg, C.J., Crosby, Pierce, Carroll, & Wait, JJ.

*Voluntary Association. Labor Union. Equity Jurisdiction,* Suit relating to internal affairs of voluntary association. *Words,* "Disputes," "Appeals."

Local and international unions of laborers in a certain branch of industry were voluntary associations. The local was subject to the constitution, rules and regulations of the international. The constitution of the international provided in substance that it should have "supreme ruling power over all Local Unions . . . who may come under its jurisdiction . . . [with powers] . . . executive, legislative, judicial . . . and its jurisdiction shall be the ultimate tribunal to which all matters of importance to the welfare of the several Local Unions or any member thereof shall be referred for adjustment." Another provision was that the executive board of the international should "have the entire control of all judicial business of this Union, when not in session, viz., . . . all charges or disputes of one member against another or his Union. . . ." The constitution and general rules of the international provided that monthly dues of locals should be regulated by each local. A district council directed local unions to set dues at $1 per month. At meetings of a certain local union, where the dues were forty cents per month, the matter was discussed, and, while no vote was taken, a large majority opposed the increasing of the dues. The officers nevertheless demanded of the members the increased dues. Certain members, without appealing to the executive board of the international, sought by a bill in equity to enjoin the officers of the local union from collecting the dues until the local union should vote them authority to do so. A decree to that effect was entered. The defendants appealed. *Held,* that

(1) There was a dispute between the plaintiffs and the defendants as members of the local union respecting which, under the constitution of the international union, the plaintiffs had a right to appeal to the executive board;

(2) The plaintiffs, not having exhausted their remedies within the organization, were not entitled to maintain the suit;

(3) The decree was reversed and the bill was ordered dismissed.

BILL IN EQUITY, filed in the Superior Court on February 14, 1929, and described in the opinion.

The suit was heard in the Superior Court by *Donahue,* J., a stenographer having been appointed under the provisions of G. L. c. 214, § 24, Equity Rule 29 (1926).   Among other findings, the judge found that all the parties to the proceedings were members of Local No. 49, International Hod Carriers', Building and Common Laborers' Union of America; that Local No. 49 was created by charter of the International Hod Carriers', Building and Common Laborers' Union of America and was subject to the constitution, rules, regulations, provisions, customs, usages and practices of the International; that the Local had also adopted a constitution which was subordinate to and must be in conformity with the International constitution, rules, regulations, provisions, customs, usages and practices; that the International constitution provided for the conduct of legislative, executive and judicial business of the Union; that "the final jurisdiction of all disputes between members and the Local, and between members" was "in the executive board of the International," which had "supreme ruling power"; that "the government and supervision of subordinate Locals is vested in the International as the supreme head, and it is the ultimate tribunal to which all matters of importance to the welfare of the Local or of any member thereof shall be referred for adjustment; and its decision thereon shall be final and conclusive"; that, by becoming members of the Union, the plaintiffs engaged to be bound by its rules; that the International in the exercise of its authority had organized and chartered District Council No. 10 for Boston and Vicinity; and that Local No. 49 and several other Locals were affiliated with that Council and elected delegates to represent them at the deliberations of the Council.

Other material facts found by the judge and a final decree entered by his order are described in the

opinion. From the final decree the defendants appealed.

*F. H. Chase*, (*V. Brogna* with him,) for the defendants.

*J. L. Hurley*, for the plaintiffs.

CROSBY, J. This is a bill in equity brought by certain members of Local 49 (herein referred to as the Local) of the International Hod Carriers, Building and Common Laborers Union of America (herein referred to as the International) against the officers of the local union. The prayers of the bill are for a temporary order restraining the defendants from collecting or attempting to collect $1 a month dues, and for a permanent injunction to the same effect until appropriate action is taken by the Local. The bill also seeks to compel the president of the Local to call and hold regular meetings of the members, and to restrain the defendants from suspending any members of the Local who tender dues at the rate of forty cents a month. The case was heard by a judge of the Superior Court who made certain findings, rulings, and an order for decree. In accordance therewith a final decree was entered enjoining the defendants from attempting to collect dues at the rate of $1 a month "until and unless at a regular meeting of the Local there shall be a vote of the members to that effect," and further enjoining them from interfering in any way with the holding of the regular bimonthly meetings of the Local as provided in its constitution and by-laws. From this decree the defendants appealed.

The Local and the International are voluntary associations. The trouble between the parties from which this suit arises is due to a dispute over the action of the officers of the Local in attempting to collect monthly dues at the rate of $1 instead of forty cents. By a communication dated November 22, 1928, directed to the secretary of the Local from the "District Council of Boston and vicinity of the International," the former were notified that "The dues of the locals affiliated with this Council shall not be less than one dollar, starting in effect January 1, 1929." A vote to that effect had been passed by the council on November 20, 1928. A similar communication was sent

by the council to all locals affiliated with it in Boston and vicinity. The matter thereafter was discussed at three meetings of the Local, the officers, including the three defendants, favoring the increase and a large majority of the members opposing it. At the last of these meetings, held on January 13, 1929, there was prolonged discussion, the meeting became disorderly, the members refusing to permit the president of the council to speak, and the defendant Perrotti finally declared the meeting adjourned. No meeting has been held since that time, and no vote has been passed by the Local changing the dues. The financial secretary of the Local has demanded payment from the members at the rate of $1 a month and has refused to accept forty cents a month. The defendants contend that the bill should be dismissed on the ground that the plaintiffs have failed to exhaust their remedies within the organization.

The legal principle so relied on is well established in this Commonwealth and applies to voluntary associations as well as to corporations. *Correia* v. *Portuguese Fraternity*, 218 Mass. 305. The plaintiffs rely upon the provision of the constitution and general rules of the International, § 74, which provides that "The monthly dues in all Local Unions shall be regulated by each Local Union." On the other hand, the defendants rely upon § 21 which provides that "The Executive Board shall have the entire control of all judicial business of this Union, when not in session, viz., all appeals by members of Unions against each other; all decisions as to the law or usage of the . . . International . . .; all charges or disputes of one member against another or his Union, and all charges or disputes of one Union against another and all questions as to the law raised or reported by Deputies. In fact, all questions relating to laws of International Union, and their decisions shall be final (unless reversed by the International Union in Convention assembled) and must be respected and obeyed accordingly. . . ."

The executive board consists of the president, six vice-presidents, and the secretary-treasurer. Section 2 of the International's constitution provides as follows: "This

International Union shall have supreme ruling power over all Local Unions of the Hod Carriers, Building and Common Laborers' Union of America who may come under its jurisdiction. The powers of this union shall be executive, legislative, judicial. The government and superintendence of Subordinate Unions shall be vested in this International Union as the supreme head of all Local Unions, and its jurisdiction shall be the ultimate tribunal to which all matters of importance to the welfare of the several Local Unions or any member thereof shall be referred for adjustment, and its decision thereon shall be final and conclusive . . ." The trial judge ruled in accordance with the defendants' fourth, fifth and sixth requests which were based upon the provisions of § 2, but ruled, however, in substance, that the question, whether the defendant officers of the Local had the right to collect monthly dues of $1, was not a matter which came within the provisions of the International's constitution for appeal to the executive board and therefore could not be decided by that board on appeal until the question of increasing the monthly dues had been voted upon by the members of the Local.

It is plain that under § 21 there were "disputes" between the plaintiffs and the defendants in at least two particulars: (1) the right of the defendants to collect dues of $1 monthly, and (2) the right to suspend members who should tender dues of only forty cents. These plainly were disputes between members involving decisions as to the law or usage of the International, whose constitution by § 2 provides that it "shall have supreme ruling power over all Local Unions . . . who may come under its jurisdiction."

The trial judge ruled that the question, whether the officers of the Local were right in refusing to hold regular meetings and in attempting to collect monthly dues of $1, "at present is not such a matter as fairly comes within the provisions of the International constitution providing for appeals to the executive board. If a regular meeting is held and a vote taken on a matter of increase of dues, whatever that vote may be, there will be something from which members deeming themselves aggrieved may take an appeal

by proper steps and thus have recourse to the remedies afforded by the constitution of the International." The decree entered is in accordance with this ruling and enjoins the officers of the Local from attempting to collect dues at the rate of $1 a month until at a regular meeting of the Local there shall be a vote to that effect. If, as the judge in substance ruled, the plaintiffs may appeal to the executive board after a vote has been taken, there is no valid reason why such an appeal may not be taken in the absence of such a vote. It is apparent that there is a serious dispute between the members of the Local, involving a question of law and the right to appeal to the executive board under § 21 was not dependent upon the holding of such a meeting.

It was said in *Correia* v. *Portuguese Fraternity, supra,* at page 308, "These provisions of the constitution, fairly construed, mean that a right of appeal exists from all decisions by the executive board respecting grievances of the subordinate lodges . . . . These provisions are not drawn with fulness nor with care to establish a comprehensive code for the government of the order. On this account they ought not to be given a technical or narrow construction, but to be interpreted broadly for the purpose of affording as nearly as may be a workable organization."

Although the trial judge ruled that "there is no dispute at present existing between Local 49 and the International," there was a dispute between the plaintiffs and the defendants as members of the Local respecting which, under the constitution of the International, the plaintiffs had a right to appeal to the executive board. No request has been made by the plaintiffs to have this board pass upon the question of dues, nor have they made complaint or appeal to the board with respect to any of the matters set forth in the bill. We are of opinion that under § 21 they were required to submit their disputes to the board, and cannot maintain this bill as it does not appear that they have exhausted their remedies within the organization. The fact that a vote was not taken at a meeting of the members of the Local does not preclude the plaintiffs from appealing to the executive board. We find no pro-

vision in the constitution which provides that such a vote shall be taken, nor is there any sound reason for reading such a condition into § 21. The word "appeals" in the constitution in describing the remedy afforded by the executive board cannot be considered as analogous, in effect, to its meaning in connection with actions at law, suits in equity or other proceedings in courts. It is expressly provided in § 21 that "all decisions as to the law . . . of the . . . Union . . ." are to be made by the executive board. Further provision is made in § 5 for an appeal from a decision of the board to the International in convention assembled. As the plaintiffs have failed to prosecute an appeal to the executive board they are not entitled to maintain the present bill. *Hickey* v. *Baine*, 195 Mass. 446. *Correia* v. *Portuguese Fraternity, supra. Crawford* v. *Nies*, 220 Mass. 61. *Puleio* v. *Sons of Itala & Neighborhood Mutual Benefit Society*, 266 Mass. 328.

In view of the conclusion reached, it is unnecessary to consider other questions argued. The final decree is reversed and a decree is to be entered dismissing the bill.

*Ordered accordingly.*