JAMES MULCAHY *vs.* ARTHUR M. HUDDELL & others.

Suffolk.    May 20, 1930. — September 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Labor Union. Equity Jurisdiction,* To enforce rights in labor union.

The ultimate appeal provided by the constitution of an international labor union to aggrieved members was to the next convention of the union, although execution of the decision appealed from was not stayed. The constitution required that a convention be held every four years unless, on a referendum required to be held before each convention, the members of the union decided not to hold it. The

votes of fifty-five per cent of the members, and a majority of those voting, were required to establish such a decision. The conventions might be held at such place as the preceding convention or the executive board of the union should decide. A member of the union, after being suspended from the union by a certain official, failed to claim an appeal to the next convention and brought a suit in equity to secure his reinstatement in the union, alleging in the bill that a convention might not be held for four years; that it might be held at any place in the United States or Canada; that a convention could be held only upon a referendum in which fifty-five per cent of the members voted and then only by a majority of those voting; that the official from whose decision the plaintiff had appealed dominated and controlled more than fifty per cent of the membership of the union, so that there was no possibility of a convention being called except upon the orders of the official; and that an appeal by the plaintiff to a convention therefore would be futile. The bill did not state when the last convention had been held or referendum vote taken. On demurrer it was *held*, that

(1) Even though the official from whose decision the plaintiff had appealed might have had great influence in the union and the conventions, the bill did not assert that the members of a convention would be so subservient to him that the plaintiff's rights would be judged by them before he was heard; and it could not be assumed that such would be the case;

(2) Possible delay in the hearing of the plaintiff's case by a convention did not, of itself, justify his failure to exercise his right of appeal thereto;

(3) The allegations of the bill did not show that an appeal by the plaintiff to a convention would be futile;

(4) The plaintiff, not having exhausted the remedies provided him within the union, could not maintain the suit.

A member of a voluntary unincorporated organization cannot avoid the rule, that he must exhaust all the remedies provided him within the organization before seeking to enforce his rights in the courts, on the ground that the tribunal whose acts affected his rights was without jurisdiction or that he had committed no offence justifying those acts.

BILL IN EQUITY, filed in the Superior Court on October 11, 1927, and afterwards amended.

The bill is described in the opinion. The plaintiff also stated therein that he "makes profert and will produce in Court, and will file, if necessary, a copy of the Constitution, General Laws and Rules of the I. U. O. E., if it is desired; that said Constitution and Rules consist of a book of sixty-seven pages. . . ." Said book was attached to the record before this court. Art. III, § 1, of the constitution was as follows:

"Conventions of the International Union of Operating Engineers shall be held quadrennially at such place as the preceding convention may determine (unless referred to the General Executive Board by the convention for selection), on the second Monday in September. Between the first and fifteenth of November in the third year following the convention of the International, the General Secretary-Treasurer shall send to all Local Unions of the International Union of Operating Engineers a circular letter instructing them to take a referendum vote on this question: 'Shall the International Union of Operating Engineers hold a convention the coming year?' The question shall then be open for discussion in the columns of the Journal and a vote on the question shall be taken by all Local Unions and forwarded to the General Secretary-Treasurer on or before March 15th following. The result of this vote shall be published in the June issue of the Journal following. If the canvass of the vote shows that the majority of the members voting are not in favor of holding a convention, then no convention shall be held and the same proceedings shall be taken each year until an affirmative vote shall be had. No convention vote shall be had until fifty-five (55) per cent of the good standing membership vote and a majority of those voting shall be required to carry same."

The defendants demurred. The demurrer was heard by *Lummus*, J., by whose order an interlocutory decree was entered sustaining it. A final decree dismissing the bill was entered thereafter by order of *Cox*, J. The plaintiff appealed.

The case was argued at the bar in May, 1930, before *Rugg*, C.J., *Crosby*, *Carroll*, *Wait*, & *Sanderson*, JJ., and afterwards was submitted on briefs to all the Justices.

*C. J. Redmond*, for the plaintiff.

*M. Witte*, for the defendants.

WAIT, J. The plaintiff appeals from an interlocutory decree sustaining a demurrer to his substitute second amended bill in equity, and from a final decree dismissing the bill.

The bill alleges that the plaintiff is a member of Local Union No. 4 of the International Union of Operating Engi-

neers, a voluntary unincorporated association of which the defendant Huddell is general president, and in which, by his appointment, the defendant Fitzpatrick is international supervisor of Local Union No. 4, and the defendant Dwyer is assistant business agent of Local Union No. 4. It alleges that the defendant Huddell has for some years "undertaken to control the proceedings of the various local unions throughout the country," acting in this without right under the constitution of the International Union of Operating Engineers; and at considerable length it sets out actions of said Huddell illustrative of this purpose and control. It alleges that on July 1, 1929, the plaintiff received from the defendant Fitzpatrick notice to appear on July 8, 1929, before "the Advisory Board in charge of the affairs of Local Union # 4" to show cause why action against him should not be taken for grounds of offense therein stated; that, on July 17, 1929, he received notice from the defendant Huddell, as general president, that he was suspended from membership in the local union for reasons stated; that he appealed to the general executive board of the International Union of Operating Engineers and, on September 18, 1929, received notice that the board sustained the decision of General President Huddell; that, on July 30, 1929, he attempted to attend a meeting of the local union but was ejected forcibly. Copies of the notice, the suspension, and the appeal are annexed as exhibits to the bill. These show that he did not present himself at the hearing of July 8; that he contends that the proceeding was nugatory, in part, because the advisory board was illegal and without jurisdiction; that he asserts that he has not violated any rule or principle of the International Union of Operating Engineers and that the charges are untrue. The bill alleges, further, that, on August 3, 1929, in consequence of notice to his employer from the defendant Dwyer that he had been suspended, he was discharged by the employer; that, on August 5, 1929, he was denied employment elsewhere in consequence of notice sent by the defendant Fitzpatrick that he had been suspended; and that, because of the unlawful acts of Huddell, Dwyer and Fitzpatrick, he is unable to get work and is deprived of

opportunity to earn a living. Finally the bill alleges that he has used all means within the International Union of Operating Engineers to secure a proper hearing in accord with its constitution and general laws and rules, without securing such a hearing; but sets out (in paragraph 15) that "he has a right of appeal to the international convention according to the constitution, general laws and rules of the I. U. O. E.; and the plaintiff says that no time has been set for a convention, and the only method by which a convention may be held is for a referendum to be submitted to the local unions throughout the country and fifty-five per cent of the members in good standing voting and a majority of these shall be required to carry the referendum for a convention; and the plaintiff says, as hereinbefore set forth, that due to the fact that more than fifty per cent of the membership of the I. U. O. E. throughout the country are under the domination and control of the defendant Huddell by his appointment of international supervisors, so called, to manage and run the local unions, and further due to the fact that the said international supervisors cast the votes of absent members in whatever way they see fit, there is no possibility of a convention being held unless it is called upon the orders of the defendant Huddell; and the plaintiff further says that according to the constitution and general laws and rules of the I. U. O. E., it may not be held for four years and may be held any place in the United States or Canada; and the plaintiff further says that due to the supervision and control of the local unions by the defendant Huddell, no convention can be called except on the orders of the defendant Huddell, and any appeal which the plaintiff might make to the convention would be futile and of no avail, because of conditions above set forth." It prays an order to Huddell to reinstate the plaintiff; orders to the several defendants to refrain from doing "any act which will prevent the plaintiff from working as a Union man"; the assessment of damages, and general relief. The defendant demurred. The court sustained the demurrer; but did not specify on which of the thirteen grounds of demurrer the decision was based.

The eighth ground, that the plaintiff has failed to exhaust

the remedies provided for within the organization, is well taken. It is not necessary to discuss the others. It was stated in *Correia* v. *Portuguese Fraternity*, 218 Mass. 305, 308, 309: "It is a well established principle relating to beneficiary organizations like the respondent, that the rights of its members must be settled in accordance with the provisions of their constitutions, and that every remedy available within the corporation or order, must be exhausted before the aid of a court can be invoked. *Hickey* v. *Baine*, 195 Mass. 446, 452, and cases cited." The rule is applicable to voluntary associations such as the International Union of Operating Engineers. *Hickey* v. *Baine*, 195 Mass. 446. *Agrippino* v. *Perrotti*, 270 Mass. 55. *Clark* v. *Morgan*, 271 Mass. 164. See also *Puleio* v. *Sons of Itala & Neighborhood Mutual Benefit Society*, 266 Mass. 328. Indeed, art. XV of its constitution, which deals with "Appeals," sets out in § 3: ". . . No suit or action at law shall be brought in any case until after the remedies within the Organization have been exhausted. . . ." The plaintiff does not deny this to be the law. He contends, however, that no available remedy by appeal is left to him. *Barbrick* v. *Huddell*, 245 Mass. 428.

The case is before us upon demurrer. We have nothing to go upon but the allegations of the bill, and the constitution and laws of the union which are made exhibits. It appears that there is still open an appeal to the international convention, referred to in paragraph 15 of the bill. We do not think the allegations of that paragraph, read in the light of the rest of the bill, go far enough to show that this remedy is vain and illusory. The general president by the constitution (art. IV, § 1) "shall decide all questions on law and order as laid down in the Constitution and By-Laws," and, at least thirty days before the holding of a convention, must "publish all decisions rendered by him during his term of office. . . ." By § 2, he is to have "the direction and supervision of all Local Unions, with power to suspend either individual members or officers for incompetency, negligence or failure in successfully carrying out their duties." By art. VII, § 2, all legisla-

tive, judiciary, executive and administrative powers of the International Union of Operating Engineers, "when not in session in convention," are vested in the general executive board, which is given power "to decide appeals from the decisions of the General President, such decisions to stand until the next convention." The provisions for appeals, art. XV, authorize any member claiming to be aggrieved to appeal from a decision of the general president to the general executive board, and from its decision to the next convention, although the execution of the decisions is not stayed by the appeal.

Here is a comprehensive system. It is true that the general president may have great influence in the convention. He is to preside (art. IV, § 1). He appoints the committees (art. III, § 10). Through his control of local unions (art. IV, § 2) he can, perhaps, secure the election of delegates favoring his acts and opinions. Nevertheless, the convention is designed to be made up of delegates devoted to the service of the union and the rights of its members; and one of their especial duties is to pass upon appeals from decisions of the president and of the executive board. It is not to be assumed that such a gathering will be so subservient to the general president that an appellant's case is prejudged before it is heard. The allegations of the bill do not assert such prejudgment. If it is to be the basis of an exception to the rule, it should be stated in clear words and with sufficient allegations of facts which establish it. *Hayden* v. *Perfection Cooler Co.* 227 Mass. 589, 593.

The possible delay in hearing is not, of itself, enough to excuse compliance with the rule. *Hickey* v. *Baine, supra.* The constitution (art. III, § 1) provides for conventions every four years unless a referendum vote of the membership decides to postpone the meeting. The bill does not state when the last convention was held or referendum vote was taken. It asserts only that one may not be held for four years, and may be held at any place in the United States or Canada. No appeal is alleged to have been taken. The facts stated do not justify the failure to appeal. It

is consistent with these allegations that a call for a convention may have been out at the moment of the decision on the demurrer.

The requirement that all remedies within the association or corporation must be taken before resort can be had to the equity courts is not avoided by the claim that the tribunal which acted was without jurisdiction, or that no offense was committed. *Clark* v. *Morgan*, 271 Mass. 164, 172. *Hickey* v. *Baine, supra.*

The cases of *Curran* v. *O'Meara*, 211 Mass. 261, and *Barbrick* v. *Huddell, supra,* on which the plaintiff relies, are plainly distinguishable on their facts, and are not controlling here. In *Horgan* v. *Metropolitan Mutual Aid Association*, 202 Mass. 524, the question of exhaustion of remedies was not raised. In *Malloy* v. *Carroll, ante,* 524, decided while this case was under consideration, not only was there a finding of fact that an appeal would be futile; but it was also held that the decision of the president and executive board made when no convention was in session, was a final decision from which there was no appeal to a convention.

In the opinion of a majority of the court the demurrer was sustained properly. Inasmuch as no further amendment to the bill was sought before the entry of the final decree, and as the ground on which this decision rests is the failure to proceed within the organization, the order will be

*Decrees affirmed.*