ALFRED J. CAMERON & others *vs.* MARTIN P. DURKIN & others.

Suffolk. November 7, 8, 1946. — September 10, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, & SPALDING, JJ.

*Voluntary Association. Labor and Labor Union. Equity Jurisdiction,* Voluntary association. *Equity Pleading and Practice,* Amendment, Parties, Rehearing, Appeal, Decree, Contempt proceedings. *Contempt.*

The granting of leave to amend the bill in a suit in equity ordinarily lies in the discretion of the trial court.

In a suit in equity to restrain putting into effect an order by the president and general executive board of a national labor association for the consolidation of certain local unions, it was proper to join as defendants the president, and also a general organizer of the association who had power to "reorganize local unions when directed by and with the consent of" the president and power to suspend or expel any local union for "violation of the constitution, rules and established cus-

toms" of the association, where it appeared that the order in question had been made on report of the general organizer and that he had been instructed to exercise his power of suspension or expulsion in the event that the local unions represented by the plaintiffs should refuse to accept the consolidation.

An order by the president and general executive board of a national association of plumbers and steam fitters, made between conventions of the association, directing the consolidation of all plumbers in a certain area into one of the existing local unions which was composed of plumbers, and for the consolidation of all steam fitters in that area into another of the existing local unions which was composed of steam fitters, was declared invalid on objection by local unions affected by the consolidation, notwithstanding a provision of the constitution of the association that "no local union is conceded territorial jurisdiction other than the current working day in said territory," because the order was governed by and was in contravention of another provision of the constitution permitting the president and general executive board to order a consolidation of local unions only into "one" local union, and also because at the convention next preceding the order a proposal for such consolidation of the steam fitters had been defeated and the constitution further provided that "Decisions made by a convention shall not be changed between conventions."

A final decree for the plaintiffs was proper in a suit in equity by members of a voluntary labor association to restrain putting into effect an allegedly invalid order of officers of the association where the plaintiffs' remedy within the association was illusory because, although the constitution of the association provided for an appeal from the order "to the following convention" of the association and such an appeal was taken by the plaintiffs, the holding of a convention at any time was not compulsory under the constitution and at the times of the taking of such appeal and of the entry of the final decree there was no assurance that a convention ever would be held, and the constitution further provided that the order "shall be and remain effective for all purposes during the pendency of . . . such appeal, and until the following convention decides the appeal."

The correctness of a final decree in a suit in equity must be determined by the facts appearing at the time of its entry.

The granting of a rehearing of a suit in equity is discretionary with the trial court.

Contempt consisting of disobedience of a decree in equity, for which the contemnor was ordered to pay the opposing party a sum of money as compensation for injury done to him by the contempt, was dealt with as a civil contempt.

A final decree in equity dealing civilly with contempt consisting of disobedience of a previous decree was appealable by the contemnor under G. L. (Ter. Ed.) c. 214, § 19.

After the claiming of an appeal from a final decree in a suit in equity granting an injunction, but before entry of the appeal in this court, the trial court had power to deal with a civil contempt consisting of disobedience of the decree.

BILL IN EQUITY, filed in the Superior Court on July 14, 1944.

The defendants originally designated in the bill were certain named defendants. An amendment of the bill allowed on March 15, 1946, added as defendants "each and every the other persons who are members of Local Unions 12 and 537 of the United Association of Journeymen Plumbers and Steam Fitters of the United States and Canada, (a voluntary association) who are too numerous to be herein named individually and whose names are to the plaintiffs unknown and who are fairly represented by . . . [certain of the named] defendants . . . who are officers of said Local Union 12 and . . . [certain of the named] defendants . . . who are officers of said Local Union 537"; and added the allegation that the suit was brought against the named defendants "and each and every the other persons who are members of Local Unions 12 and 537 of said Association who are too numerous to be herein named individually and whose names are to the plaintiffs unknown and who are fairly represented by" certain named defendants.

The suit was heard by *Cabot,* J.

The claim of appeal from the final decree on the merits of March 15, 1946, was filed in the Superior Court on March 26, 1946. The appeal was entered in this court on June 26, 1946.

*M. F. O'Donoghue* of the District of Columbia bar, (*E. McPartlin* with him,) for the defendants.

*M. T. Hall,* (*J. P. Driscoll* with him,) for the plaintiffs.

LUMMUS, J. The plaintiffs bring this bill as representatives of the members of Local 289, located in Waltham and vicinity, and the members of Local 448, located in Framingham and vicinity, of the United Association of Journeymen Plumbers and Steam Fitters of the United States and Canada, a voluntary labor association, against some of the general officers of said association, and the members of Locals 12 and 537, located in Boston. All these locals are situated within twenty miles of Boston.

In 1924, at a general convention of the association, a resolution was defeated that would have given the Boston Local 537 the entire jurisdiction over steam fitting within a

radius of twenty miles of Boston. But Local 12, composed of plumbers, and Local 537, composed of steam fitters, continued to aspire to extend their jurisdiction over all the territory within twenty miles of Boston. In June, 1944, the general president and the general executive board of the United Association ordered the consolidation of all plumbers in that territory into Local 12 and all steam fitters into Local 537. Appeal was claimed to the next general convention. This bill in equity was brought to restrain the defendants from putting that order into effect. The next general convention would normally have been held in 1946, but the holding of a convention is not compulsory, and a convention is never held except by a vote of a majority of the membership.

Section 131 of the constitution of the United Association provides: "Whenever, in the judgment of the general president, it is apparent that there is a superfluous number of local unions in any locality and that a consolidation would be for the best interest of the United Association, locally or at large, he shall have the power to order two or more of such local unions to consolidate and to enforce the consolidation of said territory in one local union, provided such course receives the sanction of the general executive board." Section 26 of the constitution provides that "Decisions made by a convention shall not be changed between conventions, except by a referendum vote." Section 24 of the constitution provides that "The general executive board shall have full discretionary power over all things connected with the association between conventions (except decisions made at conventions) . . . ." Section 25 of the constitution provides that "Any decision made by the general executive board shall be subject to appeal to the following convention if so desired within sixty days after notification of decision. But the decision shall be and remain effective for all purposes during the pendency of any such appeal, and until the following convention decides the appeal or otherwise determines and directs."

From an interlocutory decree allowing an amendment to the bill, entered on March 15, 1946, the defendants appealed. But the allowance of an amendment is commonly

discretionary, and we think it was in this case. We find no error in the allowance of the amendment. There was no appeal from the overruling of the demurrer of the defendants Durkin and Gillis, but we assume that the propriety of that action was open upon the appeal from the final decree. *Smith* v. *Board of Appeals of Fall River*, 319 Mass. 341, 342. But Durkin was the general president of the United Association, and as such participated in the order of consolidation made in June, 1944, which is attacked in the bill. Gillis was a general organizer of the United Association, resident in Massachusetts, and as such had power "to suspend and reorganize local unions when directed by and with the consent of the general president," and to suspend or expel any local union for "violation of the constitution, rules and established customs of the United Association." Constitution, §§ 30, 35. The bill alleges that he made a report to the general executive board which was the foundation of the order of consolidation of June, 1944. The bill further alleges that Gillis has been instructed, in the event that the members of Locals 289 and 448 shall refuse to accept the consolidation ordered in June, 1944, to exercise his constitutional authority to suspend or expel those locals from the United Association. We think that both Durkin and Gillis were properly made parties defendant, and that their demurrer was rightly overruled.

The rights of members of the United Association and the powers of its officers were fixed by the constitution. *Malloy* v. *Carroll*, 272 Mass. 524, 536. *Mulcahy* v. *Huddell*, 272 Mass. 539, 544. *Sullivan* v. *Barrows*, 303 Mass. 197, 201. The plaintiffs contend that the order of consolidation of June, 1944, was invalid, for one reason because § 131 of the constitution permits consolidation only into a single local union, whereas the order was for consolidation into two local unions; and for another reason because the vote of the convention in 1924, rejecting a proposal for a similar consolidation, precluded any such action as the general president and the general executive board purported to take in June, 1944, because § 26 of the constitution provided that "Decisions made by a convention shall not be changed

between conventions, except by a referendum vote," which was not had. The judge put his decision in favor of the plaintiffs upon the former reason just stated, and we think his decision was right. We think, moreover, that it would have been equally right if rested upon the latter reason.

The defendants rely upon § 2 of the constitution, which provides that "no local union is conceded territorial jurisdiction other than the current working day in said territory." But we think that that provision must yield if need be to the later and more detailed provisions of § 131, permitting consolidation only into a single local union, and § 26, forbidding the change of a convention decision, except by a referendum vote.

. The defendants invoke the familiar rule that members of a voluntary association cannot resort to the courts while they have a genuine and not a merely illusory right to seek justice in the tribunals of the association. *Barbrick* v. *Huddell*, 245 Mass. 428, 436. *Puleio* v. *Sons of Itala & Neighborhood Mutual Benefit Society*, 266 Mass. 328. *Malloy* v. *Carroll*, 272 Mass. 524, 536. *Snay* v. *Lovely*, 276 Mass. 159, 164. *Henry* v. *Twichell*, 286 Mass. 106, 117. In the present case, although the constitution provides for a convention every four years, the holding of any convention at any time is not compulsory. A majority of the membership may prevent the holding of any convention. The appeal taken by the plaintiffs was to the "following convention," but at the time when the appeal was taken and at the time when the final decree in this case was entered on March 15, 1946, there was no assurance that there would ever be any convention at which the appeal could be heard. The correctness of the final decree must be determined by the facts appearing at the time when it was entered. The defendants' assertion that in fact a convention was held in September, 1946, is therefore immaterial. There had been no convention during the ten years from 1928 to 1938. The judge in his findings, filed on February 23, 1945, found that it was "entirely problematical . . . when, if ever, another convention will be held." Upon the facts recited, we think that there was no assurance that the appeal would ever be heard,

and that the only certainty was that the consolidation would remain in force indefinitely, under § 25 of the constitution. The remedy by appeal under those circumstances appears to us illusory. Consequently the plaintiffs had a right to resort to the courts. This case is not governed by *Puleio* v. *Sons of Itala & Neighborhood Mutual Benefit Society*, 266 Mass. 328, *Mulcahy* v. *Huddell*, 272 Mass. 539, 545, and *Snay* v. *Lovely*, 276 Mass. 159, 164. In the present case there was no error in the entry on March 15, 1946, of a final decree for the plaintiffs, with costs.

The defendant Durkin filed a petition for a rehearing in the court below, and appealed from an interlocutory decree denying it, entered on February 11, 1946. The granting of a rehearing was discretionary. *Norcross* v. *Haskell*, 262 Mass. 568, 570. *Macomber* v. *King*, 288 Mass. 381, 383. *Johnson* v. *Johnson*, 300 Mass. 24, 28. *Peterson* v. *Hopson*, 306 Mass. 597, 601. We find no error in the denial.

On April 17, 1946, some of the plaintiffs brought a petition praying that the defendants Durkin, Callahan and Brophy among others, be adjudged in contempt of the final decree. On May 1, 1946, a final decree was entered adjudging them in contempt, and ordering them to pay to the plaintiffs $165 to compensate them for the injury done them by the contempt. The contempt was dealt with civilly and not criminally, and a simple appeal from the final decree in the contempt proceedings brought the matter here. *Godard* v. *Babson-Dow Manuf. Co.* 319 Mass. 345, 348. The appeal from the final decree of March 15, 1946, was not entered in this court until June 26, 1946. Therefore that final decree remained in force all through the pendency of the proceedings for contempt, and constituted a sufficient foundation for those proceedings. *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 189. *Scola* v. *Scola*, 318 Mass. 9. A perusal of the evidence in the contempt proceedings convinces us that it supports the decree of May 1, 1946.

The entry must be

> *Interlocutory decrees appealed from affirmed.*
>
> *Final decrees of March 15, 1946, and May 1, 1946, affirmed with costs.*