JURDEN N. SMITH *vs.* JOHN F. BOWEN & others.

Essex.     November 18, 1918. — February 4, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Unlawful Interference. Labor Union. Strike. Equity Jurisdiction,* To enjoin
unlawful interference, Damages.

*It seems* that an agreement by an employer with a labor union to give all his work
to members of the union is a valid agreement, and that a strike by the members
of the union to enforce their rights under such an agreement is a lawful strike.

A price list agreement made by an employer with a labor union, by which it is
agreed that the union shall have a shop committee and an agent who shall be
allowed to visit the employer's factory during working hours, is not (without
a stipulation to that effect) an agreement on the part of the employer to give
all his work to members of the union, and a strike of the members of a labor
union to compel an employer, who has made such a limited price list agreement,
to operate his factory as a union shop, is an unlawful strike, which will be re-
strained in equity on a bill brought by a person who was deprived of his
employment by such strike.

In a suit in equity by one who was deprived of his employment by such a strike,
where it was held that the plaintiff was entitled to a permanent injunction, the
bill had prayed also for relief in damages, and the trial judge, being of opinion
that the plaintiff's damages to the time of the granting of relief by injunction
could not be assessed until it was determined by this court whether the plaintiff
was entitled to such relief by injunction, had declined to assess the damages
when the case was before him. Thereupon it *was ordered* by this court that
the case should stand for further hearing in the Superior Court for the assess-
ment of damages in accordance with the decree granting the injunction.

BILL IN EQUITY, filed in the Superior Court on March 8, 1918,
by a worker in shoe factories, who up to the time of the acts of the
defendants complained of in his bill was employed as a stock fitter
in the shoe factory of Rice and Hutchins, Incorporated, at Marble-
head, against the officers and members of a voluntary unincor-
porated association called the Shoe Workers' Protective Union,
praying that the defendants be forthwith enjoined from interfer-
ing with or from combining, conspiring or attempting to interfere,
directly or indirectly, by strike or otherwise, with the employment
of the plaintiff by Rice and Hutchins, and from in any way in-
timidating or threatening persons who might thereafter employ
or desire to employ the plaintiff, and from in any way hindering
or preventing the plaintiff from obtaining employment or con-

tinuing in employment; that an account be taken of the damage done the plaintiff by the acts complained of and a decree be entered establishing the amount of the damage and ordering the defendants to pay the same; that the defendants be ordered to pay the cost of the proceedings; and for further relief.

The case was heard by *Jenney*, J. He made a finding of facts, including the facts that are stated in the opinion. At the conclusion of his finding of facts, the judge made the following order for a decree:

"On the foregoing facts, I am of opinion and find that the plaintiff is not entitled to maintain this bill, and that a decree should be entered dismissing the bill with costs taxed as if the bill had been brought against one defendant only. But, if it should hereafter be determined that I am wrong in that opinion and that the plaintiff is entitled to injunctive relief, I find as further facts:

"The position in which the plaintiff was employed in the factory of Rice and Hutchins yielded as wages substantially $42.50 per week, and the plaintiff has been out of work since that time down to at least March 29, 1918.

"If the plaintiff is entitled to injunctive relief; his damages necessarily must be assessed only down to the time of the granting of such relief, and I am of opinion that no finding ought now to be made on the question of damages, because, if entitled to such relief, the question of amount will be affected by facts arising since the hearing before me, and, if entitled to relief only by way of damages, like considerations will be involved."

Later by order of the judge a final decree was entered dismissing the bill; and the plaintiff appealed.

*H. D. Linscott*, for the plaintiff.

*F. W. Mansfield*, for the defendants.

LORING, J. This is a bill to enjoin members of the Shoe Workers' Protective Union from combining to prevent the employment of the plaintiff by Rice and Hutchins. On findings of fact made in the Superior Court a decree was entered dismissing the bill, and from that decree the appeal which is now before us was taken by the plaintiff.

The judge found the following to be the facts of the case: Rice and Hutchins operate a shoe factory in Marblehead. "For at least two years" before the matters here in question they had

"price list agreements with said [the defendant] Shoe Workers' Protective Union." Late in January, 1918, a member of the defendant union, Stafford by name, who had been employed by them as a channeller "voluntarily gave up his job." One of Rice and Hutchins' foremen suggested that the plaintiff should be employed in Stafford's place. The plaintiff was a non-union man employed at that time as foreman in a factory in Lynn. As foreman he was not required to be a member of a union. Rice and Hutchins' superintendent told this foreman "that in order to be employed, it will be necessary for him [the plaintiff] to become a member of the union." Thereafter the plaintiff applied for membership in the defendant union. On January 30 his application for membership was refused. Although told of that Rice and Hutchins authorized his employment and on February 5, 1918, the plaintiff began work as a channeller in their factory. On February 6 the local branch of the defendant union voted to notify Rice and Hutchins to stop employing the plaintiff on or before February 12. Rice and Hutchins continued the plaintiff in their employ after they received notice of this vote. On February 13, 1918, the members of the local branch of the defendant union, being all the employees in Rice and Hutchins' factory, struck. On February 15, the plaintiff left Rice and Hutchins' employ at their request and on their request the men who struck on February 13 returned to work within a few days and have remained at work ever since. This bill in equity was filed on March 8, 1918. The judge found that "Rice and Hutchins still desire to employ the plaintiff, and, if he secures injunctive relief in this suit, intend to again hire him for work as channeller."

A copy of the price list agreement signed by and in force between the Shoe Workers' Protective Union and Rice and Hutchins at the times here in question is set forth in full in the findings made by the judge. The peculiarity of this case is that there is no provision in that price list agreement requiring Rice and Hutchins to give all their work to members of the union. The agreement sets forth in detail the prices to be paid for work. It also sets forth many of the terms on which the work is to be carried on. In addition it has these two provisions: "Agent to be allowed to visit factory during working hours;" and "Union to have shop committee." In addition the judge found that: "Throughout the

time these agreements have been in force, Rice and Hutchins have not employed any men, except the plaintiff, in the departments covered by these agreements except those belonging to said union, and the agreements were executed in their behalf, because the superintendent of the factory wanted union men, and signed the agreements in order to secure them; and during all the time covered by these agreements, up to the time of the employment of the plaintiff, the shop was run as a union shop in all departments with which the defendant union has to do, and has since been run as a union shop, except so far as such operation was interfered with by the employment of the plaintiff." He further found that the action of the union "was not taken because of any malice, ill-will or feeling as to the plaintiff, or any desire to injure him personally, but that it was solely for the purpose of compelling Rice and Hutchins to continue to operate the departments of their factory, which had been operated under the agreements with the union as a union shop, in the manner in which they had been operated before the plaintiff went to work, and that this was the sole purpose." In addition he made these findings: "I further find that there were other members of the union ready and willing to do the work for which the plaintiff was employed, and there is no evidence to justify a finding that they were not fully competent to do that work. I find that the plaintiff was also competent to do that work. I further find that the refusal to admit the plaintiff to membership in the union, although justified, because he did not comply with the provisions of the constitution, was not upon that ground, but because the union desired to secure the work which the plaintiff did for its own members, said position being a profitable and desirable one."

The defendants' first contention is that the case is brought within *Pickett* v. *Walsh*, 192 Mass. 572, by the finding that "the refusal to admit the plaintiff to membership in the union . . . [was] to secure the work which the plaintiff did for its own members." But this was a finding as to the reason why the union did not admit the plaintiff to membership. It was not a finding as to the purpose of the strike. The finding made by the judge as to the purpose of the strike was "that it [the strike] was solely for the purpose of compelling Rice and Hutchins to continue to operate the departments of their factory, which had been operated under

the agreements with the union as a union shop, in the manner in which they had been operated before the plaintiff went to work, and that this was the sole purpose" of the strike.

An agreement by an employer with a union to give all his work to members of the union is a legal and valid agreement, *Shinsky* v. *O'Neil, ante,* 99, and a strike by the members of the union to enforce their rights under such an agreement is a legal strike. But the peculiarity of this case (as we have said) is that there was no stipulation to that effect in the price list agreement between Rice and Hutchins and the defendant union. The price list agreement here in question fixed the prices to be paid and the conditions (or some of them) under which the work should be done; in addition it gave to the union a right to have an agent "visit [the] factory during working hours;" and "to have [a] shop committee." But this price list agreement went no further. It did not stipulate that Rice and Hutchins should give all their work to members of the union. It is found indeed by the judge that the purpose of "the superintendent of the factory" of Rice and Hutchins was "to secure" union men and that by executing this price list agreement Rice and Hutchins did secure union men and their shop "was run as a union shop" in all departments with which the defendant union had to do. But a price list agreement with a union in which it is agreed that the union shall have a shop committee and an agent who shall be allowed to visit the factory during working hours is not in and of itself an agreement on the part of the employer to give all his work to members of the union. In case of such a price list agreement the employer has a right to change his mind and decide not to employ union men. He has a right to change his mind and decide not to employ union men, because he has not made an agreement that he will give all his work to the members of the union in question. Inasmuch as the union before the strike here in question had not secured from Rice and Hutchins an agreement to give all their work to members of the union, a strike to compel Rice and Hutchins to employ none but union men was an illegal strike. *W. A. Snow Iron Works, Inc.* v. *Chadwick,* 227 Mass. 382, and cases there collected.

It follows that the plaintiff is entitled to an injunction permanently enjoining the members of the defendant union from interfering and from combining, conspiring or attempting to interfere

directly or indirectly by striking or otherwise with the employment of the plaintiff by Rice and Hutchins.

The judge found that "if the plaintiff is entitled to injunctive relief, his damages necessarily must be assessed only down to the time of the granting of such relief, and I am of opinion that no finding ought now to be made on the question of damages, because, if entitled to such relief, the question of amount will be affected by facts arising since the hearing before me, and if entitled to relief only by way of damages, like considerations will be involved."

The result is that a decree must be entered reversing the decree appealed from, declaring that the plaintiff is entitled to a permanent injunction in the terms stated above, and directing that the case shall stand for further hearing in the Superior Court in accordance with that decree. At this further hearing evidence may be admitted.

*So ordered.*