DANIEL J. MAGUIRE & others *vs.* WILLIAM S. BUCKLEY & others.

Suffolk. March 8, 1938. — October 27, 1938.

Present: FIELD, C.J., LUMMUS, DOLAN, & COX, JJ.

*Voluntary Association. Labor Union. Equity Jurisdiction*, Internal affairs of voluntary association.

The mere facts that, responding to an invitation of a labor union, prospective members attended a school maintained by the union, qualified for membership, paid an initiation fee, took an oath required by the by-laws of members, received cards and attended two meetings, did not require that they be looked upon in equity as members entitled to the benefit of a later agreement entered into by the union

with another union for acceptance of all the members of the two into a new union, where it appeared that, following the completion of the formalities as to their membership in the first union, a superior international union objected to their membership, that, pending seeking its approval, they assented to the return of their initiation fees and made representations to the superior union which thereupon withdrew its disapproval but referred the question of their eligibility to the sole decision of the first union, and that that union thereafter refused to admit them as members.

A suit in equity cannot be maintained to compel an unincorporated labor union to recognize as a member one who never has been a member.

BILL IN EQUITY, filed in the Superior Court on September 10, 1937, and afterwards amended.

A demurrer to the amended bill was sustained by *Williams*, J., and a final decree was entered dismissing the bill. The plaintiffs appealed.

*E. S. Farmer*, for the plaintiffs.

*M. J. Robinson*, for the defendants.

DOLAN, J. This is a suit in equity which comes before us on the appeals of the plaintiffs from an interlocutory decree sustaining the defendants' demurrer and from the final decree entered in the court below dismissing the bill of complaint.

The allegations of the bill may be summarized as follows: The International Typographical Union of North America, hereinafter called the International, has a nationwide membership of about seventy thousand printers and three thousand mailers. In 1892 it chartered a subordinate local union, the Boston Mailers' Union No. 1, hereinafter referred to as Local No. 1. Ten years later it altered its own constitution to permit the formation of the Mailers' Trade District Union, hereinafter described as the District. The purpose of the creation of the District was to assure autonomy to the mailers who formed such a small proportion of the total membership of the International. Thereafter until 1929, Local No. 1 functioned as an English speaking local union under the jurisdiction of both the District and the International.

In 1929 two factions sprang up in Local No. 1, the majority desiring to sever the connection of the local with the District, and the minority opposing that proposed action.

The ultimate success of the minority may be traced through the decisions of this court in *Martin* v. *Smith,* 280 Mass. 101; *S. C.* 286 Mass. 227. Following the decision in the latter case, the majority in membership of Local No. 1 organized a voluntary association called Boston Mailers Union No. 84, hereinafter referred to as Local No. 84, which it held out to be an English speaking local union subordinate to the International, although both the constitution of the latter and that of the District provided that "Only one English speaking subordinate Union in any distinctive craft shall be chartered in the same place." The minority group, acting in behalf of Local No. 1, on April 1, 1936, filed a bill in equity in the Superior Court to restrain the majority from continuing so to act.

Some time prior to April 8, 1936, Local No. 1, for the purpose of adding qualified mailers to its membership list, voted to open and maintain a school for the training of certain persons as journeymen members of the craft. Those invited to enroll in the school who satisfactorily completed the course of study therein offered were to be registered as regular members of Local No. 1 upon payment to the local of $15 each on account of an initiation fee. The school was opened and sixty-five persons entered and completed its course of instruction. They were duly certified by an investigating committee of Local No. 1, paid the sum just stated on account of the initiation fee to that local, and were enrolled as members thereof on August 5, 1936. They then received, and now hold, cards from Local No. 1 certifying their membership therein. They took the oath required of members by its by-laws, and attended, as members, two of its regular meetings. The present plaintiffs belong to and are representative of this class, for the benefit of which they have brought this bill. See *Spear* v. *H. V. Greene Co.* 246 Mass. 259, 266 *et seq.,* and cases cited.

On August 18, 1936, the plaintiffs and the others of their class were advised by Local No. 1 that the International had objected to their admission as members, and that it would be best if they did not act as regular members of

the local until those objections had been withdrawn. Upon the understanding that Local No. 1 would use its best efforts to gain the International's approval of them, and that thereupon they would resume regular participation in union affairs, they consented to the return to them of the money paid by them as initiation fees. On September 11, 1936, at its national convention, which was attended by a committee representing the plaintiffs, the International withdrew its disapproval of them, and by a resolution referred the question of their "eligibility for membership" to the sole decision of Local No. 1, which has since refused to admit them to regular membership therein although repeatedly requested so to do.

On June 1, 1937, the majority and minority groups of Local No. 1 entered into a written agreement, to which the International also subscribed. Under its terms it was agreed that all pending litigation between the groups should be dismissed, and all injunctions dissolved; that the charters of Local No. 1 and of Local No. 84 should be cancelled, and that a new Boston mailers' local, bearing a new number, should be chartered; that all members of both old locals should be eligible for enrollment as charter members of the new local, subject, except in the case of charter members of Local No. 84, to the payment of certain fees and assessments, with special provision for old members theretofore suspended by the International; that the latter organization should intercede with Boston newspaper publishers for the new local; and that certain obligations of both old locals should be assumed by the new local. The new local was thereupon organized and called the Boston Mailers' Union No. 16, hereinafter referred to as Local No. 16. Its officers and members are the defendants. Regarding its formation, the plaintiffs allege that (1) both old locals formed the new local expressly "for the purpose of disposing of the claims of the plaintiffs and their class and thus depriving them of any rights of membership in the newly organized unit of their craft"; (2) Local No. 1 has wrongfully refused to acknowledge their membership therein, so that they have been regarded as ineligible for charter membership in Local

No. 16; (3) the purported dissolution of Local No. 1 was in violation of that section of its constitution which provides that, "This union shall not have power to dissolve itself while there are five members dissenting"; (4) Local No. 16, purporting to function as an English speaking local union in the mailers' craft in Boston subordinate to the International, has not as yet adopted any constitution or set of by-laws; and (5) the said local is in no way affiliated with the District. Other allegations of the bill are not now material as they relate to prayers for relief which are waived by the concession of the plaintiffs.

The only wrong sought to be redressed by the bill is "the refusal of all defendants to include these plaintiffs as parties to Exhibit B [the agreement whereunder Local No. 16 was formed] and the denial to them by said defendants of the rights therein established."

It is necessary to consider only the rights of the plaintiffs to the relief sought in the third prayer of their bill, "that . . . [the] plaintiffs and the other members of their class be enrolled as charter members of . . . Boston Mailers Union #16 on compliance by them with the terms and conditions . . . set forth in the agreement" (Exhibit B) under which Local No. 16 was formed. The defendants' demurrer is rested on eight grounds, all of which are open on appeal. *Arena* v. *Erler*, 300 Mass. 144. The judge entered an order sustaining the demurrer on the first four grounds. It is unnecessary to consider the first and second grounds of demurrer as we are of opinion that the demurrer was properly sustained on the third and fourth grounds. These grounds read as follows: "3. The matters alleged in the plaintiffs' amended bill of complaint are not such as to entitle the plaintiffs to relief in equity. 4. The matters set forth in the plaintiffs' amended bill of complaint are not such as to entitle the plaintiffs to the relief prayed for against these defendants, or any of them."

The plaintiffs in the case at bar seek admission to an organization which has never had their names upon its rolls. In *Mayer* v. *Journeymen Stonecutters' Association*, 2 Dick. (N. J.) 519, at pages 524–525, the court said:

"While courts have interfered to inquire into and restrain the action of such societies in the attempted exclusion of persons who have been regularly admitted to membership, no case can, I think, be found where the power of any court has been exercised, as sought in this case, to require the admission of any person to original membership in any such voluntary association. . . . But the body has clear right to prescribe qualifications for its membership . . . . This power is incident to its character as a voluntary association, and cannot be inquired into, except on behalf of some person who has acquired some right in the organization, and to protect such right." See also *First Parish in Sudbury* v. *Stearns*, 21 Pick. 148, 153; *Taylor* v. *Edson*, 4 Cush. 522, 527; *Harris* v. *Thomas*, 217 S. W. 1068, 1076–1077; *McKane* v. *Adams*, 123 N. Y. 609, 612, 613; *Cameron* v. *International, &c., Union No. 384*, 118 N. J. Eq. 11, 21; *Greenwood* v. *Building Trades Council of Sacramento*, 71 Cal. App. 159, 172–173. Unless the plaintiffs have already acquired some right to membership in Local No. 16, they cannot now compel its members to admit them as members thereof; and, if the facts alleged by the plaintiffs do not establish that they were members of Local No. 1 at the time of the execution of the agreement under which Local No. 16 was formed, they cannot compel admission to membership in the latter. The bill does not disclose any unlawful expulsion of the plaintiffs from Local No. 1 (see *Simons* v. *Berry*, 210 App. Div. [N. Y.] 90, 92) and we are of opinion that by withdrawing from membership and assenting to the return to them of the sums paid by them on account of initiation fees, the plaintiffs, in the circumstances alleged by them, must be held to have severed their membership in that association. We also think that it must be held that the plaintiffs acquiesced in the action taken by the International at its convention, at which the committee representing the plaintiffs was present, whereby the question of the plaintiffs' "eligibility for membership" in Local No. 1 was referred to the sole decision of the members of that association, and that the allegation of the plaintiffs' bill

that thereafter, although repeatedly requested so to do, the members of Local No. 1 refused to permit them to resume membership in its association must be taken to mean that, in pursuance of the authority contained in the resolution adopted by the International, the members of Local No. 1 decided that the plaintiffs were not eligible for membership in that local. Since the plaintiffs were not members of Local No. 1 nor equitably entitled to membership therein at the time of the formation of Local No. 16, they cannot by these proceedings compel the members of the latter to accord them membership in that association.

*Interlocutory decree affirmed.*

*Final decree affirmed with costs.*