Rose Espinola & others *vs.* Club Liberdade, Inc.

Bristol.   October 23, 1950. — February 12, 1951.

Present: Qua, C.J., Lummus, Ronan, Spalding, & Williams, JJ.

*Club.   Corporation,* Social club.

A vote duly adopted by a social club incorporated under G. L. (Ter. Ed.) c. 180, as amended, to amend a provision of its "Constitution and By-laws" that "Persons of both sexes may be admitted to membership" to read "There may be admitted members of the masculine sex," should be construed as not affecting the standing of women who were members at the time of its adoption, and so construed was valid.

A judge hearing a petition for a writ of mandamus to compel an incorporated social club to reinstate the petitioners as members in good standing of the club, whose by-laws provided for loss of membership for failure to pay dues, was not required to find that the petitioners had paid their dues and were members in good standing when the petition was filed where the only evidence of payment of dues offered by the petitioners was a paper typed by their attorney purporting to show the time through which each petitioner had paid them.

Petition for a writ of mandamus, filed in the Superior Court on July 30, 1947.

The case was heard by *Hurley,* J.

*L. E. Perry,* (*A. C. Taveira* with him,) for the petitioners.
*J. F. Francis,* for the respondent, submitted a brief.

WILLIAMS, J. This is a petition for a writ of mandamus against a social club incorporated under G. L. (Ter. Ed.) c. 180, as amended. The petitioners are five women alleged to be members of the corporation who pray that a certain "by-law adopted by the corporation on April 27, 1947, excluding them and . . . other named persons . . . from membership in the corporation be declared void and of no legal effect"; that the respondent be ordered to reinstate the petitioners and the other named persons "forthwith as members in good standing"; and that "a decree issue ordering the respondent corporation to restore to the petitioners and the other named persons all the rights, privileges and benefits to which they were entitled by virtue of their membership in said corporation." A judge of the Superior Court having ordered after hearing that the petition be dismissed, the case is before us on the petitioners' exceptions to the denial of their two requests for rulings, "1. That the vote taken on April 27, 1947, to amend Article 1, Section 4, of the by-laws to read, 'There may be admitted members of the masculine sex providing they pay the dues established by the Club' was void and of no legal effect. 2. The petitioners, Rose Espinola, Rosa Couto, Mary Macedo, Rose Silva and Mary Lima, and those in whose behalf they are acting, are members in good standing of the respondent corporation."

There was evidence that the corporation, which maintained a room in New Bedford for social purposes, had a membership of about sixty men and twenty women. Article 1, §4, of its "Constitution and By-laws" provided that "Persons of both sexes may be admitted to membership provided that they pay the dues established by the Club." Article 6, § 3, provided, "Any desired change or amendment in the By-laws must be delivered in writing to the secretary, and the copy posted on the bulletin board at least 7 days before the meeting acts thereon. A two-thirds vote of those present at the meeting shall be necessary to carry it." A

special meeting was held on April 27, 1947, to consider a proposed change in the by-laws, notice of which meeting was sent to all women with the exception of the petitioner Mary Lima, who was present at the meeting but was told by the secretary that her name had been crossed off the list of members because her dues were two months in arrears. At this meeting the amendment to the by-laws set forth in the petitioners' first request for ruling was voted. There was no evidence that in passing this amendment there was any violation of the provisions of the constitution and by-laws. General Laws (Ter. Ed.) c. 180, under which the club was incorporated, provides for by-laws (§ 7) but not for a "constitution," and it is obvious that the regulations designated as the "Constitution and By-laws" constitute but one set of rules adopted by the club to govern its proceedings. *State* v. *Raeder,* 196 S. W. (2d) 19, 24 (Mo.). As we construe the amendment it did not affect the standing of the present members but impliedly provided that none but men should be admitted as members in the future. We are aware of no principle of law which prohibits members of an incorporated social club from altering the requirements for membership provided such alteration when effected by amendment to the by-laws is not contrary to public policy (*Comstock* v. *Dewey,* 323 Mass. 583, 587–588) or inconsistent with principles of natural justice (*Snay* v. *Lovely,* 276 Mass. 159, 163). Although incorporated, a club organized for social purposes partakes largely of the character of a club organized for similar purposes as a voluntary association. In *Richardson* v. *Union Congregational Society of Francestown,* 58 N. H. 187, a case dealing with membership in a religious society chartered under a New Hampshire statute, it was said at page 189, "the society [cannot] be compelled to admit any one against its will, fairly expressed at a regular meeting by a majority vote. This principle is inherent in every voluntary association," citing *Taylor* v. *Edson,* 4 Cush. 522. In *Taylor* v. *Edson* this court said, in reference to poll parishes, "They are voluntary, and when unrestrained by their articles of association, or by their act of incorporation, if

incorporated, are of course fully at liberty to prescribe terms of membership, from time to time, which terms will be of binding authority on all connected with the parish" (page 526). We have recently said in *Maguire* v. *Buckley*, 301 Mass. 355, 360, a case involving the refusal of a labor union to readmit the plaintiffs to membership, that the power to prescribe qualifications for its membership is "incident to its character as a voluntary association, and cannot be inquired into, except on behalf of some person who has acquired some right in the organization, and to protect such right." In the instant case the plaintiffs are deprived of no property right or personal privileges and are bound by the vote of the majority. There was no error in denying the first request.

Article 4, § 3, of the constitution and by-laws provided that "All members shall promptly pay all dues, contributions, or penalties which may legally be required." Article 5, § 2, provided that "Any member who shall be two months in arrears shall automatically lose his membership in the Club." The only evidence offered by the petitioners that they and the other women named in the petition had paid their dues was a paper, typed by the attorney for the petitioners and offered by him as an exhibit, which purported to show the months of 1947 for which the various women had paid their dues. The paper showed payments only through March and April except in the cases of Mary Lima whose last payment was for January and Mary Macedo who had paid through February, 1948. There was no attempt to authenticate the facts therein stated and the judge was not obliged to accept them as true. It appears that after the meeting of April 27 the women members did not go to the club and did not pay dues. On this evidence it is plain that the judge was not required to find that the women to whom the second request referred had paid their dues and to rule that they were members in good standing at the time the petition was filed.

There was no error in dismissing the petition.

*Exceptions overruled.*