RAYMOND SEBASTIAN *vs.* QUARTER CENTURY CLUB OF THE UNITED SHOE MACHINERY CORPORATION, INC.

Suffolk.    February 6, 1951. — March 7, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Club.    Corporation,* Social club.

A suit in equity against an incorporated organization, having only social purposes and no capital stock, of employees of a business concern who had served in its employ for a certain period could not be maintained by an employee of the concern to enjoin the defendant club and its trustees, who under its by-laws determined questions as to employees' service, from considering the plaintiff's participation in a strike in determining his eligibility for membership in the club and from refusing to admit him to membership on the ground that the continuity of his service had been interrupted by his participation therein.

BILL IN EQUITY, filed in the Superior Court on September 10, 1948, and afterwards amended.

The prayers of the amended bill were as follows: "A. That the club and each and every member of the board of trustees thereof be . . . directed to reconsider the plaintiff's application for election and be . . . enjoined from barring the election of the plaintiff to said club on the ground that his strike activities constitute an interruption of his continuous length of service.    B. That the club and each and every member of the board of trustees be . . . enjoined from considering or giving any effect to the plaintiff's strike activities in ruling upon or determining . . . the plaintiff's election to the club upon his application for membership. C. That the club and each and every member of the board of trustees be further enjoined from in any other way violat-

327 Mass. 178                                       179

Sebastian v. Quarter Century Club of the United Shoe Machinery Corp. Inc.

ing, ignoring, misconstruing or misapplying the by-laws of said club."

The suit was heard by *Hurley*, J., by whose order a final decree dismissing the bill was entered. The plaintiff appealed.

At the hearing in the Superior Court the plaintiff's counsel stated: "This is a suit . . . to restrain the trustees or officers of . . . [the defendant] organization and that organization from refusing to admit . . . [the plaintiff] to membership and as being ineligible on the ground that a strike in which he participated broke the continuity of his service which would have made him eligible for membership.. The suit does not, of course, ask that they be ordered to admit him to membership, but simply to be enjoined from denying him membership on that ground." In the plaintiff's brief it was stated: "No claim was made by the plaintiff that he was automatically entitled to membership in the club, but only that the trustees should be enjoined from refusing to consider him for membership because of his strike activity."

*S. S. Grant*, for the plaintiff.

*E. O. Proctor*, for the defendant.

Lummus, J. The defendant is a corporation formed under G. L. c. 180, having members but no stockholders and no assets except cash derived from dues and ten shares of stock of the United Shoe Machinery Corporation. The purpose of its organization is purely social. The qualifications for membership, according to the by-laws, are service for twenty-five years in the "actual active" employ of the United Shoe Machinery Corporation or one of its wholly owned subsidiaries.

The plaintiff lives in New Hampshire, and is employed by such a subsidiary which has its plant in New Hampshire and is engaged in interstate commerce. He has become eligible for membership in the defendant, except that as a member of a labor union he went out on strike on January 21, 1946, and remained out for thirteen weeks before returning to work.

In the spring of 1947 he wished membership in the defendant, but made no formal application. Inquiry on behalf of the plaintiff through his employer and his labor union brought answers from the secretary of the defendant that, because of the break in the plaintiff's service in 1946, due to the strike, the trustees of the defendant would probably not act favorably upon his application for membership, because he was ineligible. The by-laws of the defendant provide that "all questions as to length, continuity, or termination of service of an employee" shall be decided by the board of trustees of the defendant. The board of trustees did not actually pass upon the case of the plaintiff. The judge found that a formal application would have been denied by the board of trustees.

It is true that the president of the United Shoe Machinery Corporation has discretionary power to make a present of ten shares of its stock to an employee of twenty-five years' standing in that corporation or its subsidiary. But that is not a matter of right.

The judge ruled as follows: "I rule that the plaintiff has lost no rights, monetary or otherwise, that are his, by virtue of his inability to gain membership in the defendant organization. I rule that he has no absolute right to membership but that the determination of his eligibility on account of continuous, active employment in the service of United Shoe Machinery Corp. or one of its wholly owned subsidiaries is entirely that of a majority of the board of trustees of the defendant club."

From a final decree dismissing the bill, the plaintiff appealed. The evidence is reported, and findings of fact were made.

The rule is that an organization, whether incorporated or not, having no capital stock and no business, is not required to admit to membership every qualified person who makes application. *First Parish in Sudbury* v. *Stearns*, 21 Pick. 148, 153. *Taylor* v. *Edson*, 4 Cush. 522, 527. *Maguire* v. *Buckley*, 301 Mass. 355, 359–360. *Walter* v. *McCarvel*, 309 Mass. 260, 265–266. *Cassel* v. *Inglis*, [1916] 2 Ch. 211.

*Weinberger* v. *Inglis,* [1919] A. C. 606. *Chapman* v. *American Legion,* 244 Ala. 553, 147 A. L. R. 585. *W. G. Press & Co.* v. *Fahy,* 313 Ill. 262. *Mayer* v. *Journeymen Stonecutters' Association,* 2 Dick. (N. J.) 519. *McKane* v. *Adams,* 123 N. Y. 609. *Simons* v. *Berry,* 210 App. Div. (N. Y.) 90. *Cline* v. *Insurance Exchange of Houston,* 140 Texas, 175. Cases where the organization has a business monopoly, as where a labor union insists upon a closed union as well as a closed shop, are distinguishable. *James* v. *Marinship Corp.* 25 Cal. (2d) 721. *Betts* v. *Easley,* 161 Kans. 459.

*Decree affirmed with costs.*