O. G. KELLEY & others *vs.* KARL E. WEISS.

Middlesex.    November 6, 1951. — December 5, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Voluntary Association.*

Under a by-law of an unincorporated trade association providing for an assessment upon the members of any deficit resulting from insufficiency of the initiation fees and dues to defray the expenses of the association, an assessment was properly levied and was binding upon one of the members who refused to pay his share thereof where it appeared that when it was levied a properly incurred obligation of the association was outstanding in an amount substantially in excess of the balance in the association's treasury and that such deficit was not attributable to any unpaid initiation fees and dues.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated August 19, 1949.

The action was heard by *Green*, J.

*R. C. Johnson*, for the defendant.

*P. D. Hanlon*, for the plaintiffs.

RONAN, J. This is an action of contract brought by eight members of a voluntary unincorporated association known as the National Association of Lead Burning Contractors against the defendant, the remaining member, to collect in the first count of their declaration a general assessment of $650 and in the second count dues in the sum of $100.

The trial judge found for the defendant upon the first count and for the plaintiffs on the second count. The Appellate Division vacated the finding on the first count and ordered judgment for the plaintiffs for the amount claimed. The defendant appealed to this court.

This association was formed in 1945. It never had any members other than the parties to this action. At the annual meeting held on April 29, 1947, the defendant became president. At this meeting all the members voted to continue the law firm of Dorsey and Adams as counsel for the association for the ensuing year. It was agreed that this firm had rendered valuable services and that its bill for $5,750 which was presented at a meeting of June 15, 1948, was fair and reasonable. At this last mentioned meeting the report of the treasurer was read and accepted. It showed a balance of $1,171.57 in the treasury. The bill of Dorsey and Adams was accepted and ordered paid. It was also voted that, in order to pay this bill and to leave a balance of not less than $500 in the treasury, an assessment of $650 be made on each member, payable forthwith. All members except the defendant have paid this assessment.

The constitution consisted entirely of the by-laws. The by-law authorizing the levying of an assessment reads as follows: "Article XII   Expenses and Assessments   In the event that the initiation fees and dues provided by Article V of these By-Laws are not sufficient to defray the expense of conducting the business of the Association, the Board of Directors by a majority vote may divide such deficit equally among all members of the Association and make an assessment on the members for their equal share of such deficit. All assessments so made shall be payable by the members forthwith." The defendant contends that there is no evidence to show that at the time the assessment was made the initiation fees and dues were not sufficient to defray the expenses of conducting the business of the association.

The rights and obligations of the members of a voluntary unincorporated association as to each other and as to the group comprising the association are fixed and established

by the constitution and by-laws. They constitute the governing rules for the internal management of its affairs and for the conduct of its business. They are the basis upon which the members have joined to accomplish the aim and object of the association and are in effect in the nature of a contract binding those who have become members provided they are not inconsistent with some controlling principle of law. *Flint* v. *Pierce,* 99 Mass. 68, 70. *Dolan* v. *Court Good Samaritan,* 128 Mass. 437. *Snay* v. *Lovely,* 276 Mass. 159, 163–164. *Cohen* v. *Silver,* 277 Mass. 230, 235. *Becker* v. *Calnan,* 313 Mass. 625, 631. *Comstock* v. *Dewey,* 323 Mass. 583, 587–588. *Espinola* v. *Club Liberdade, Inc.* 327 Mass. 24. The by-law subjecting the members to an assessment is binding upon them provided its terms were complied with in levying the assessment. *United Hebrew Benevolent Association* v. *Benshimol,* 130 Mass. 325. *Reynolds* v. *Supreme Council of the Royal Arcanum,* 192 Mass. 150. *Rogers* v. *Boston Club,* 205 Mass. 261, 269–270. *Attorney General* v. *Supreme Council American Legion of Honor,* 206 Mass. 158. *Boston Club* v. *Potter,* 212 Mass. 23, 27. *Delaney* v. *Ancient Order of United Workmen of Massachusetts,* 244 Mass. 556, 563.

The instant association was not directly engaged in business but, as expressed in its by-laws, its main object was "to protect, promote, foster and advance the interests of the members, as contractors, in the industry" of lead burning in fabricating, installing and maintaining lead equipment. Indeed the principal work for which Dorsey and Adams were retained was the drafting of a new 1948 labor contract which was used by the members in negotiating with the Lead Burners Local Union. At the conclusion of these negotiations a new contract was agreed upon about July 1, 1948, and all members including the defendant accepted and used the contract.

It has not been suggested that the association had any regular source of income other than initiation fees and dues. This would seem to be implicit from the by-law itself authorizing the levying of assessments. The defendant does

not contend that there were in fact any unpaid fees or dues. He simply makes the bald contention that the association did not show there were not any. The dues were payable quarterly in instalments of $50 and the instalment next after the vote became payable on July 1, 1948, which if all the members paid would amount to only $450. A by-law required that an application for membership must be in writing and accompanied by the initiation fee. All the present members joined the association prior to January, 1946, and it seems improbable that their initiation fees were not paid prior to the time the assessment was made.

The members present at the meeting of June 15, 1948, voted unanimously to levy the assessment. All members other than the defendant have paid the assessment. All the evidence not only tended to show the existence of a deficit exceeding by more than $4,000 the money in the treasury of the association but negatives any contention that this deficit was attributable to any unpaid initiation fees and dues.

The trial judge, after stating that other than a balance of $1,171.57 there was no evidence as to whether the initiation fees and dues were insufficient to defray the expenses of the association, ruled as matter of law that the assessment was not levied in accordance with the by-law. That ruling was erroneous. The order of the Appellate Division that judgment be entered for the plaintiffs is affirmed.

*So ordered.*