WILLIAM THORN *vs.* JOSEPH FOY, JUNIOR, & others.

Bristol. October 22, 1951. — January 31, 1952.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Labor and Labor Union. Unlawful Interference. Contract,* With labor
union.

A painting contractor, not a member of a labor union of painters, after
agreeing with the union to "abide by" its rules, which provided in
substance that it was "on a strictly closed shop basis" and that no
member of the union was allowed to work with anyone not a member,
could not maintain a suit in equity to enjoin the union from inter-
fering with the plaintiff's right to work with his own hands on his
painting contracts by preventing members of the union employed by
him from working with him thereon, or, in the alternative, to require
the union to admit him to membership.

BILL IN EQUITY, filed in the Superior Court on April 5,
1949.

Two of the prayers of the bill were as follows: "3. That
a permanent injunction may issue prohibiting the defendant
Local 691 and each of its named officers and agents, and
their successors in office, from in any way threatening the
plaintiff to withdraw, or ordering the withdrawal of his em-
ployees (their union members) from their work for the
plaintiff if he, the plaintiff, shall continue to work in the
execution of his own contracts, and to prohibit the de-
fendants, and each of them, and their successors in office
from in any way interfering with the right of the plaintiff
to work on any jobs which are in the performance of his
own contract or contracts. 4. And if it shall appear that
the plaintiff is not entitled to work in the execution of his
own contracts without being a member of Local 691, that
the decree in this case shall require the said Local 691 to
receive the said plaintiff into membership."

The suit was heard by *Fairhurst*, J., by whose order a final decree dismissing the bill was entered. The plaintiff appealed.

In this court the case was submitted on briefs.

*G. H. Young*, for the plaintiff.

*J. Minkin*, for the defendants.

LUMMUS, J. The plaintiff on April 5, 1949, brought this bill against the members of an unincorporated labor union known as Local Union 691 of the Brotherhood of Painters, Decorators and Paperhangers of America and located at New Bedford, being chartered by the International Brotherhood of the same name. The individual defendants are the duly elected officers of the Local Union who have, subject to the orders and directions of the executive committee and the general membership of the Local Union, the management and control of its affairs. It was found that the members are too numerous to be sued individually and that the named defendants adequately represent the entire membership. *Pickett* v. *Walsh*, 192 Mass. 572, 589–590. *Reynolds* v. *Davis*, 198 Mass. 294, 301. *DeMinico* v. *Craig*, 207 Mass. 593, 596. *Donovan* v. *Danielson*, 244 Mass. 432, 437. *Tyler* v. *Boot & Shoe Workers Union*, 285 Mass. 54. *Malloy* v. *Carroll*, 287 Mass. 376, 391. *Quinton's Market, Inc.* v. *Patterson*, 303 Mass. 315, 320. *Donahue* v. *Kenney*, 327 Mass. 409.

The essential facts of the case, as they are disclosed by the pleadings and the findings of the judge, are as follows: The plaintiff became a journeyman painter and a member of Local Union 691 in 1934, and after a period of residence out of New Bedford, rejoined Local Union 691 in 1940. From April, 1941, until June, 1943, he was the financial secretary. In 1942 charges were brought against him for an alleged irregularity in his doings as financial secretary. He was tried on June 5, 1943, and was present at and took part in the trial. No decision on those charges appears to have been made. New charges were brought against the plaintiff and he was expelled from the Brotherhood on November 3, 1943. He did not exhaust his remedy within the

Brotherhood by appeal to its higher tribunals. The judge
found that he was not given notice in accord with the con-
stitution. But the question of notice, as well as other ques-
tions decided against the plaintiff, was the subject of appeal
under the constitution, which gave a right to appeal in
writing within thirty days after the decision. The plaintiff
recognized that he had been expelled, because he applied
several times, the last time during the pendency of his bill
of complaint in court, to be readmitted, but in vain. The
constitution of the Brotherhood requires members under
charges to exhaust their remedies within the Brotherhood
before resorting to a court. This also is the general law,
apart from any regulation of the labor union. *Malloy* v.
*Carroll,* 272 Mass. 524, 536. *Mulcahy* v. *Huddell,* 272 Mass.
539, 544. *Sullivan* v. *Barrows,* 303 Mass. 197, 202. *Carson*
v. *Gikas,* 321 Mass. 468, 470. *Cameron* v. *Durkin,* 321
Mass. 590, 595. Even if the plaintiff had never been ex-
pelled, but were applying for membership for the first time,
he would not be legally entitled to admission. *Sebastian* v.
*Quarter Century Club of the United Shoe Machinery Corp.
Inc.* 327 Mass. 178. In this case the Local Union has no
monopoly, for its members comprise only about five per
cent of the painters and do only about ten per cent of the
painting in its territory. See *Shinsky* v. *O'Neil,* 232 Mass.
99, 104; *Walter* v. *McCarvel,* 309 Mass. 260.

In this Commonwealth until St. 1950, c. 452, § 2, a strike
intended to compel an employer to operate a "closed shop,"
one in which none but members of a labor union are em-
ployed, was a strike for an illegal purpose. *A. T. Stearns
Lumber Co.* v. *Howlett,* 260 Mass. 45, 60, 61, and cases cited.
*Fashioncraft, Inc.* v. *Halpern,* 313 Mass. 385, 388. *Colonial
Press, Inc.* v. *Ellis,* 321 Mass. 495, 497. *Davis Brothers
Fisheries Co. Inc.* v. *Pimental,* 322 Mass. 499, 504. *Town
House Inc. of Boston* v. *Hurley,* 325 Mass. 621. But where a
contract was voluntarily made between an employer and a
labor union to employ none but members of the union, the
contract was always held legal and valid, and a strike by
the members of the union to enforce their rights under such

a contract was held a lawful strike.   *A. T. Stearns Lumber Co.* v. *Howlett*, 260 Mass. 45, 61.   *Smith* v. *Bowen*, 232 Mass. 106, 110.   *Fashioncraft, Inc.* v. *Halpern*, 313 Mass. 385, 388. *Hamer* v. *Nashawena Mills, Inc.* 315 Mass. 160, 164.   Each member of the union is bound by, and is entitled to the benefit of, such a contract.   *Moen* v. *Director of the Division of Employment Security*, 324 Mass. 246, 249.

In *Senn* v. *Tile Layers Protective Union*, 301 U. S. 468, a majority of the court held that a labor union might lawfully strike to coerce an employer to cease to labor with his own hands.   There is no reason to doubt that that case is still the law in the Supreme Court of the United States.   We need not consider whether it is binding upon us.   But even if it is not, and if such a strike would be held unlawful in Massachusetts, there is no reason why a contract by an employer with a labor union that he would not work with his own hands should not be sustained and should not legalize the usual forms of pressure by the union to compel him to keep his promise, just as in the case of a contract for a closed shop.

The judge found that soon after the plaintiff became a painting contractor in November, 1946, he entered into a written agreement with Local 691 which terminated on April 1, 1949, or when a new agreement should be signed. Such a new agreement was signed on September 19, 1949. These agreements provided that the plaintiff would "abide by the rules of said Local Union covering union shops in so far as they do not conflict with this agreement."   Ever since 1940 the rules of the Local Union have provided that "we are on a strictly closed shop basis," and that "Brothers violating this section shall be fined, expelled or both."   The judge found that the plaintiff understood that the rules of the Local Union prevented him from working with his men. The constitution of the International Brotherhood, which binds all the members of the Local Union, has provided ever since 1940 that no member "shall be allowed to work at his trade within the jurisdiction of any local union with anyone who does not carry a membership card in the Brotherhood,"

and the plaintiff had no such card. The Local Union has punished by fines two of its members for working with the plaintiff, and has threatened similar punishment to other members for the same offence.

The prayers of the bill are in substance for an injunction to prevent the defendants from interfering with the right of the plaintiff to work by withdrawing his employees or otherwise, or, if it shall appear that that remedy cannot be given, that the Local Union be required to admit the plaintiff to membership. The final decree dismissed the bill with costs. We think there was no error, for the reasons already stated.

*Decree affirmed with costs of appeal.*