Defendant union appeals from a decree in chancery made upon the advice of Vice-Chancellor Berry.
The decree reinstates complainant as a member of defendant union and requires the union to pay his lost wages resulting *Page 270 
from his unjustifiable expulsion. He was expelled for non-payment of dues and it is argued that this was automatic under the by-laws and constitution and that the court cannot interfere for that reason.
But, while that is the provision of the law of the union, yet it undertook to give complainant a hearing and the vice-chancellor found, and we agree with the conclusion, that the union gave complainant thirty days to pay, expiring on a fixed day, and then sought to rescind the action and refused to accept the tendered dues. While complainant was in default for more than a year the dues are high and it seems clear that defendant's real motive arose out of a suit brought against the union sometime before as a result of which junior members were given the rights of seniors. We regard the action as an arbitrary deprivation of a property right and remediable under the circumstances.
It is also claimed that the decree goes beyond the prayer of the bill in that damages were awarded. However, as the prayer was broadened by an amendment, the point is lacking in substance and under all the circumstances it was proper to allow the losses. The amount is not in dispute, only the right of complainant to such relief.
A careful examination of the whole record and of the authorities submitted by counsel for the respective parties satisfies us that the vice-chancellor was fully justified in his findings of the essential facts and correct in his application of the law to the facts so found.
The decree is therefore affirmed, with costs.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ. 11.
For reversal — PARKER, DONGES, WELLS, WALKER, JJ. 4. *Page 271