JOSEPH CARRIGAN, RELATOR-APPELLANT, v. PLAINFIELD PATROLMEN'S BENEVOLENT ASSOCIATION, ALSO KNOWN AS PATROLMEN'S BENEVOLENT ASSOCIATION OF PLAINFIELD, NEW JERSEY, A BODY CORPORATE, DEFENDANT-RESPONDENT.

Submitted October 28, 1938—Decided January 13, 1939.

For the defendant-respondent, *Edward F. Merrey*.

For the relator-appellant, *Saul Nemser* and *Joseph Moritz.*

The opinion of the court was delivered by

WOLFSKEIL, J. This is an appeal from the refusal of the Supreme Court to issue a writ of *mandamus* to compel respondent, Plainfield Patrolmen's Benevolent Association, also known as Patrolmen's Benevolent Association of Plainfield, New Jersey, a body corporate, to reinstate appellant as a member of the respondent organization.

The facts are not in dispute, having been stipulated. They disclose that appellant, a patrolman in the city of Plainfield, was sued for assault and battery and malicious prosecution by one whom he had arrested. He applied to respondent, of which he was a member, for financial assistance to defend the action and was granted $200 to pay counsel fees. The case having been settled for a cash consideration without trial, a demand was made for the return of the money which was refused. Subsequently at a meeting of the association, after a discussion of the matter, in which appellant participated, he was expelled from membership.

Respondent is a local or subordinate body of a statewide organization known as the New Jersey State Patrolmen's Benevolent Association, the by-laws of which provide that it shall have the power "to hear and determine all appeals between policemen of this state or between policemen and associations or between associations, and decide such disputes, and the decision of this association shall be final absolutely, and binding upon all such members of local associations, and

the said associations. No court proceedings shall be taken by any member of a local association against the association or by any local association against this association without first asking redress from the state organizations."

The authorities are practically unanimous in support of the proposition that when the by-laws of a benevolent association require an appeal within the society that remedy must be exhausted before resort can be had to the civil courts for relief from a decision involving discipline. The most recent pronouncement by this court to that effect is to be found in the case of *Mogelever* v. *Newark Newspaper Guild,* 124 *N. J. Eq.* 60.

Appellant argues that his expulsion was illegal and unlawful. Whether that be so or not is immaterial, for manifestly it was incumbent upon him to appeal to the New Jersey State Patrolmen's Benevolent Association from the action of respondent concerning which he complains. Having failed to do so he cannot maintain the present proceeding.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, WALKER, JJ. 13.

*For reversal*—None.