59 N.J. Super. 400 (1960)
157 A.2d 864
CLIFFORD J. DERLING, ET AL., PLAINTIFFS,
v.
SAM DI UBALDI, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 8, 1960.
*402 Mr. Jack L. Cohen, attorney for plaintiffs.
Mr. Thomas Parsonnet argued the cause for defendant Thomas A. Knowlton (Messrs. Parsonnet, Weitzman & Oransky, attorneys).
Mr. Israel B. Greene, attorney for defendants, except Thomas A. Knowlton.
SCHERER, J.S.C.
Defendants have renewed their motion for a summary judgment dismissing their amended complaint on the ground that the plaintiffs have failed to exhaust their remedies by appeal to the International Brotherhood of Electrical Workers (hereinafter called the "I.B.E.W.") prior to instituting this suit. Plaintiffs, who are members of Local Union No. 1470 of I.B.E.W. and defeated candidates for union office, charge irregularities in the election of officers in Local Union No. 1470, held June 27, 1959, and seek to set aside that election and to have a new one conducted *403 under court supervision. Defendants are the victorious candidates (individually and as such elected officers and representatives), as well as the person who supervised the election, members of Local Union No. 1470, I.B.E.W., Executive Committee of the Union, and the local itself. The International Union, an affiliate of the A.F. of L.-C.I.O., is not a party. Defendants claim that the I.B.E.W. constitution limits the remedy of the plaintiffs exclusively to an appeal to the I.B.E.W. itself, and that this remedy not having been exhausted or shown to be futile, illusory or vain, the present suit will not lie and should be dismissed. At the time the defendants made their original motion to strike the complaint prior to its amendment, I concluded that there was no evidence from which I could make a finding as to whether the plaintiffs did have a genuine right of appeal. Additional affidavits were filed on defendants' motion in the Appellate Division for leave to appeal. These have been considered by me in accordance with the opinion of that court dated October 13, 1959. The affidavits filed in that court, as well as the additional proof, have been considered by me in arriving at these conclusions.
The by-laws of Local Union No. 1470, in article XIII, section 13, provide that the I.B.E.W. constitution is made a part of the local by-laws. The applicable appeal provisions of the I.B.E.W. constitution are found in article XXVII, sections 13, 15, 16, 17, 18 and 19, which read as follows:

"APPEALS
Sec. 13. Any member who claims an injustice has been done him by any L.U. or trial board, or by any Railroad Council, may appeal to the I.V.P. any time within 30 days after the date of the action complained of. If the appeal is from an action of a railroad local union, or a Railroad Council, it must go to the I.V.P. in charge of railroad matters.
A copy of any appeal must be filed with the L.U., or with the Railroad Council, as the case may be.

* * * * * * * *
Sec. 15. When a decision has been rendered by the I.V.P. it shall become effective immediately.
*404 Sec. 16. No appeals from decisions of the I.V.P., or from the I.P., or from the I.E.C., shall be recognized unless the party or parties appealing have complied with the decision from which they have appealed.
Sec. 17. Appeals to the I.P. and to the I.E.C., and to the convention, to be considered, must be made within 30 days from the date of the decision appealed from. (Appeals to the I.E.C. and to conventions must be filed with the I.S.) If no appeal is made within 30 days from the date that any decision is rendered, such decision shall be considered final.
Sec. 18. Either party directly interested in a case may appeal.
Sec. 19. When an appeal is taken above the I.V.P., only the evidence submitted in the original case of appeal shall be considered.
In cases where parties claim they have new and important evidence affecting a case in which decision has been rendered, they may submit this within 30 days to the authority who rendered the first decision, with a request that the case be reopened. Such authority shall decide whether the matter submitted justifies reopening the case."
This motion presents the question of whether or not the appeal procedures quoted apply to this type of controversy and, if so, do they provide a genuine remedy. Initially, defendants maintain that the I.V.P. has jurisdiction to hear complaints on questions involving local elections under the language of section 13, where a member may appeal when "an injustice has been done him by any L.U." Defendants have filed an affidavit of Robert Noonan, assistant to the I.B.E.W. president, stating that the above quoted constitutional provisions apply to challenged elections, and that, in fact, complainants have successfully and expeditiously utilized this right of appeal to nullify improperly conducted elections. Mr. Noonan lists eight recent cases in which such an appeal was successfully and rapidly prosecuted.
Cases discussing the rule of exhaustion of remedies in labor union controversies are collected in Jorgensen v. Pennsylvania R.R. Co., 25 N.J. 541, 556 (1958). The general rule set forth in these cases is that a union member must exhaust the remedies provided by the organization to adjudicate intra-union controversies before resorting to the courts. This has been recognized and written into the Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. *405 519, 29 U.S.C.A. § 401 et seq. (which is not, however, applicable to this controversy), as a declaration of public policy of the United States. This act provides, at page 523, 29 U.S.C.A. § 411(4), "That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof: * * *."
The general rule of exhaustion of remedies is qualified by exceptions. See 168 A.L.R. 1462 (1957); Summers, "Legal Limitations on Union Discipline," 64 Harv. L. Rev. 1049, 1086 (1951). Generally, the plaintiff may avoid the barrier of the rule on a showing that his internal union remedies are futile, or not of the type covered by union appeal provisions, Naylor v. Harkins, 11 N.J. 435, 444 (1953); Walsche v. Sherlock, 110 N.J. Eq. 223 (Ch. 1932). More specifically, the aggrieved member may apply directly to the courts on a showing that the matter in controversy is purely a question of law, Nolan v. Fitzpatrick, 9 N.J. 477 (1952); or that the association tribunal lacks jurisdiction, or that the proceedings are improper, Ward v. Keenan, 3 N.J. 298 (1949); Lo Bianco v. Cushing, 117 N.J. Eq. 593 (Ch. 1935), affirmed per curiam 119 N.J. Eq. 377 (E. & A. 1936); Gaestel v. Brotherhood of Painters, etc., 120 N.J. Eq. 358 (Ch. 1936); Barnhart v. United Automobile, etc., Local 669, 12 N.J. Super. 147 (App. Div. 1951); or that property rights are in issue that plaintiff did not in the union constitution surrender to the adjudication of the union tribunals, Dragwa v. Federal Labor Union No. 23070, 136 N.J. Eq. 172 (Ch. 1945); Fleming v. Moving Picture, etc., Local No. 244, 124 N.J. Eq. 269 (E. & A. 1938); or that the union itself has unfairly handicapped plaintiff in the taking of his appeal, Chew v. Manhattan Laundries, Inc., 134 N.J. Eq. 566 (E. & A. 1944); or that the appeal cannot be perfected within a reasonable period of time, Walsche v. Sherlock, supra, 110 N.J. Eq., at page 228, and cases therein cited.
*406 The majority of cases, as shown by those above cited and others, granting an exception to the general rule are, unlike the instant case, controversies in which the union seeks to punish or expel a wayward member, and the latter seeks judicial review of the union's discipline. See Walsche v. Sherlock, supra. In such circumstances, where the member's ability to earn a livelihood may turn on the outcome of charges initiated by the union, the temptation of judicial interference is greater than in a case in which the member is suing the union on a matter of union internal organization. In Sibilia v. Western Electric, etc., Assn., Inc., 142 N.J. Eq. 77 (E. & A. 1948), the court enjoined the destruction of union election ballots and appointed a receiver upon proof of gross mismanagement in the union and, significantly, upon the absence of any parent union to which an appeal could be taken.
The provisions of article XXVII of the I.B.E.W. constitution, quoted supra, provide adequate machinery for appeals where a review of a local union election is desired. In view of the charges made in the complaint against the officers, executive committee, and other members of Local Union No. 1470, the provisions of article XXVII, sections 3 through 8 ("Charges and Trials") and sections 9 through 12 ("Trials of Officers and Representatives"), may also be applicable. Plaintiffs argue that these latter sections do not provide for a genuine appeal because in such cases only the accused has the right of appeal. But, in section 13 of the above article, "any member" may appeal, and section 18 states that either party directly interested in a case may appeal. And, since no limitation is placed upon it, such an appeal appears to be a matter of right. At the very least, this remedy is available to review local union decisions at the level of the International Vice President (I.V.P.). Beyond the I.V.P., further appeal as a matter of right is less precisely defined, but the intent of the constitution appears to be that such appeals shall follow the course provided in sections 7 and 10. Sections 16 and 17, supra, refer *407 to appeals of decisions rendered by the I.V.P., by the International President (I.P.), and by the International Executive Committee (I.E.C.) to the International Convention (I.C.) itself.
Although the eight challenged election cases cited by Mr. Noonan came to rest after the I.V.P.'s decision, the I.B.E.W. constitution presents the opportunity of further appeal from that decision to the I.P., the I.E.C., and eventually to the I.C. The cases sustaining exhaustion of association remedy have required only that there be a right of appeal and that this be exhausted  unless there are exceptions as above noted  prior to judicial determination of the propriety of the decision of the union's appeal tribunal. Carrigan v. Plainfield Patrolmen's Benevolent Ass'n, 121 N.J.L. 559 (E. & A. 1939) (appeal to State P.B.A.); Mogelever v. Newark Newspaper Guild, 124 N.J. Eq. 60 (E. & A. 1938), affirmed 122 N.J. Eq. 316 (Ch. 1937); Dragwa v. Federal Labor Union No. 23070, supra (appeal to president of federation). Plaintiffs have a remedy within the I.B.E.W. itself for redress of their grievances based on the alleged election misconduct of defendants, which grievances are properly within the I.B.E.W. appellate jurisdiction. Plaintiffs offer no evidence of I.B.E.W. insensitivity to complaints of election fraud. Nor do I find persuasive evidence that an appeal will be futile, illusory or vain.
Plaintiffs further contend that an unreasonable delay in the possible grant of a remedy within the union vitiates any real relief from that quarter. Walsche v. Sherlock, supra, 110 N.J. Eq., at page 228. In the eight disputed election appeals cited by Mr. Noonan, the I.V.P. decided seven appeals within two months. The date of disposition of the eighth one is not given in his affidavit. However, plaintiffs assert that the ultimate relief and final appeal to the I.C. would be futile because it does not meet again until September 1962. By necessity, any appeal to the ultimate authority in the union must await the infrequent gatherings of that assembly. However, three separate levels *408 of review may be had by appellant before resort to the convention itself. In Mulcahy v. Huddell, 272 Mass. 539, 172 N.E. 796 (Sup. Jud. Ct. 1930), the court held that the fact that the convention might not meet for four years under the union constitution did not, per se, excuse compliance with the union appeal provisions and permit resort to the courts. As was said in Elgin, Joliet & Eastern R. Co. v. Burley, 325 U.S. 711, 749, 65 S.Ct. 1282, 89 L.Ed. 1886, 1908 (1945), courts ought not to disregard and displace the arrangements which members of a union voluntarily establish for their reciprocal interests and by which they bind themselves to be governed, but should require all available remedies within the union to be exhausted before judicial redress is sought.
In reaching my conclusions, I have considered as a part of the record all of the affidavits which were before me when I denied, without prejudice, the defendants' motion to strike the complaint, as well as the affidavits filed with the Appellate Division and the additional affidavits and proof presented to me on the argument of the present motion.
The motion for summary judgment, dismissing the complaint as amended, will be granted but without costs.