61 N.J. Super. 228 (1960)
160 A.2d 664
LOCAL UNION NO. 14 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, PLAINTIFF-APPELLANT,
v.
THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, AND LOCAL UNION NO. 274 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 19, 1960.
Decided April 12, 1960.
*230 Before Judges PRICE, SULLIVAN and FOLEY.
Mr. John Drewen argued the cause for plaintiff-appellant (Mr. Harry Indursky, attorney).
Mr. Henry F. Wolff, Jr., argued the cause for defendant-respondent The United Association of Journeymen &c. (Messrs. Brogan & Wolff, attorneys; Mr. Martin F. O'Donaghue, of the District of Columbia Bar, of counsel).
*231 Mr. Robert H. Wall argued the cause for defendant-respondent Local Union No. 274 &c.
The opinion of the court was delivered by PRICE, S.J.A.D.
By this appeal plaintiff seeks to reverse a summary judgment, dismissing its complaint, entered on defendants' motions (R.R. 4:58-1 et seq.) in the Superior Court, Chancery Division. The record reveals a jurisdictional dispute between the plaintiff and defendant local unions. It basically projects the question whether the trial court properly adjudged that it was so apparent that plaintiff had, without justification, failed to exhaust its remedies within the defendant parent organization that it had no right to invoke the aid of the court.
Defendant, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (hereinafter designated United), is an international labor organization governed and regulated by its own constitution and by-laws. It charters local unions which, the record reveals, presently number approximately 760. Plaintiff and defendant locals were so created. Both locals are subject to the rules and regulations contained in the constitution and by-laws of United.
United has "sole and exclusive organizing jurisdiction over all plumbers and pipefitters' work within the American Federation of Labor." Within United there are "different craft classifications composed of journeymen with different skills" of which "plumber" and "pipefitter" are two. Plaintiff local and defendant local were "straight line" or "single craft" unions (embracing plumbers and pipefitters respectively) as distinguished from "combination" or "mixed local unions" embracing more than one craft within their membership. "Trade line agreements" were made between various locals including plaintiff and defendant.
Section 2 of the United constitution provided as follows:
"The jurisdiction of territory of the United Association embraces the United States and Canada, and its trade jurisdiction shall include *232 all branches of the pipe fitting industry. In it alone is vested the power to establish Local Unions, and its mandates must be obeyed at all times and under all circumstances. To the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada is reserved the right to decide all matters pertaining to trade and territorial jurisdiction of its affiliated Local Unions, and no Local Union is conceded territorial jurisdiction other than the current working day in said territory * * *."
Initially jurisdictional decisions are rendered by a General Organizer of United, working under the supervision of the General President. By the United constitution the General Organizers are clothed with "full power and authority to settle all disputes and grievances of any kind in or between local unions" when "directed by the General President." The General Organizers are given "full power and authority to suspend and revoke the charters of local unions" in accordance with the constitutional provisions, "when directed by and with the consent of the General President." In the event of a local's dissatisfaction with a General Organizer's decision, approved by the General President, involving an order of suspension or expulsion, the United constitution provides for an intermediate appeal to its General Executive Board, whose decision shall be final, save and except it "shall be subject to appeal to the following Convention."
By its complaint plaintiff charged that it entered into a contract with Kordulak Bros., Inc., for the performance of certain plumbing work at the plant of the Standard Oil Company in the City of Bayonne; that the work in progress included the installation of process piping, which "was and is equally within the trade jurisdiction of plumbers and of pipefitters and not exclusively within the trade jurisdiction of either"; that, despite the pendency of the contract between Kordulak Bros., Inc. and plaintiff, defendant local did "institute certain proceedings" before United wherein it denounced plaintiff "as exceeding its trade jurisdiction by the installation of the said process piping * * *"; that United permitted "itself to be wrongfully and unjustly induced *233 by the acts" of defendant local oppressively "to exercise and impose its discipline upon plaintiff," and with the threat of irreparable injury to plaintiff; that as a consequence United on July 28, 1959, "ordered that the plaintiff be suspended as a chartered local * * * unless * * * within fifteen days from the date" thereof it should advise United: (a) that it had complied with the decision that "process piping belongs to and is part of the trade jurisdiction" of the defendant local; (b) "comes under the jurisdiction" of the defendant local as "pipefitters work"; (c) that defendant local "has been chartered as a pipefitters local union with trade jurisdiction over commercial, domestic, and industrial pipefitting, including process piping"; (d) that plaintiff "will affirmatively state in writing * * * that its contract with Kordulak Bros. only covers plumbing work and does not cover or attempt to embrace or cover any piping other than sanitary plumbing work"; (e) that "work now being performed by Kordulak Bros. under contract with Local Union 14 is process piping and belongs to Local 274 * * *"; and that plaintiff "will advise in writing * * *" that it "will remove all plumbers from the job doing pipefitters work, which will enable Local 274 to replace them with pipefitters in accordance with the contract of Local 274 and Kordulak Bros., so that pipefitters will only do pipefitting work."
The complaint further charged that, despite the alleged inequity of the foregoing command, and in order to prevent the revocation of its charter, plaintiff "did, on the 10th day of August, 1959, comply with the mandates of said order of suspension * * *, doing so, however, under protest * * *." In writing, under date of August 6, 1959, it advised United that plaintiff's compliance was "induced coercively" and that it reserved its "right to appeal the said order of July 28, 1959, to the duly designated appellate authorities in the said United Association" and further "to seek relief against the consequences of said order in any State or Federal Court of appropriate jurisdiction." The *234 complaint further alleged that United also, at the instance of defendant Local 274, did on April 27, 1959 "wrongfully and illegally deprive plaintiff of its rightful territorial jurisdiction by confining plaintiff's jurisdiction to the City of Jersey City and excluding therefrom the Cities of Bayonne and Hoboken."
On the basis of the foregoing allegations the complaint demanded that defendants be enjoined and restrained from enforcing the suspension order of July 28, 1959; that said order "be adjudged to be void and without legal force or effect"; that "the territorial jurisdiction of plaintiff be restored * * *"; and that United "be enjoined and restrained from further restrictions of plaintiff's territorial or trade jurisdiction * * *."
Plaintiff obtained a court order directing defendants to show cause why they should not be restrained "according to the demand of the said complaint." Said order contained a provision for interim restraint. Defendants countered the order to show cause by their aforesaid motions for summary judgment. Affidavits and exhibits for the trial court's consideration on the motions were submitted by the respective litigants. Defendant United, on the same day that the motions for summary judgment were returnable, filed its answer to the complaint. In said answer it embraced and reiterated the contentions expressed in its motion and supporting affidavits and exhibits. Reference to the filing of said answer is hereinafter made in our consideration of plaintiff's challenge to the legal propriety of the procedure employed by defendants on their motions for summary judgment.
Defendants' basic contentions, documented as aforesaid in support of their application for a summary judgment, and reiterated on appeal, were that United's "Constitution and By-Laws * * * constitute the contract" between plaintiff and defendants; that the constitution provides for avenues of appeal where action is taken by United against any of its locals; that plaintiff has failed to appeal to the General *235 Executive Board of United as provided in said constitution; that its constitution bars court proceedings by a local until all remedies provided by the constitution have been fully exhausted; that United's constitution gives it exclusive jurisdiction to determine all disputes arising over trade jurisdictions among its member locals.
Defendants also contend that a written Trade Line Agreement between plaintiff and defendant local grants jurisdiction to defendant local over all process piping being installed as aforesaid; that plaintiff on numerous prior occasions had acquiesced in the power and right of United to determine all jurisdictional disputes within the framework of its constitution and by-laws; and that defendant local since 1916 has had historical, exclusive trade jurisdiction over process piping work in Hudson County.
The proofs submitted by the respective parties in support of and in opposition to defendants' motions for summary judgment revealed that, when plaintiff's plumber members undertook to install process piping at the aforesaid Standard Oil Company plant, the defendant local protested that the work was rightfully within the craft jurisdiction of the pipefitters. Plaintiff's members opposed that contention and on April 9, 1959 defendant local requested the assistance of United to settle the dispute. Pursuant thereto United sent a General Organizer whose authority and powers are defined in United's constitution. The General Organizer concluded after investigation that the objection of defendant local was well founded, notified plaintiff that it had over-stepped its jurisdiction and should cease its criticized action. Plaintiff refused to desist and ignored a directive that it send its representative to United's headquarters in Washington, D.C., to explain its failure to comply. Thereupon, pursuant to its constitutional procedure, United conducted a hearing. The hearing officer's findings also sustained the complaint of defendant local and on July 28, 1959, as aforesaid, the General President of United issued an Order of Suspension effective forthwith and operative for 15 days *236 during which period plaintiff was directed to comply with certain stated conditions or lose its charter. The conditions imposed were that plaintiff would leave the disputed work to be performed by the pipefitters of the defendant local and would in writing express its recognition of the correctness of the General Organizer's decision as to the respective craft jurisdictional boundaries of the two locals (plaintiff and defendant).
Plaintiff then wrote the aforesaid communication of August 6, 1959 containing its above-stated reservation and the General President of United notified plaintiff of the parent organization's refusal to accept plaintiff's communication as compliance with the aforesaid order. A telegram to that effect was sent by the General President to plaintiff, on August 11, 1959, notifying plaintiff that its letter was not in compliance with the order of suspension because of the allegation of coercion therein contained and reservation of its asserted right to seek relief in the courts. The telegram, notifying plaintiff of its right to employ the aforesaid further appellate procedure available to it within the organization, read:
"* * * THE GENERAL PRESIDENT'S DECISION WAS MADE UPON A WRITTEN RECORD ON FACTS AND UNDER THE CONSTITUTION. LOCAL 14 AGREED TO SUBSCRIBE TO THE CONSTITUTION. THIS AGREEMENT TO ABIDE BY DECISIONS RENDERED UNDER THE CONSTITUTION IS NOT COERCION. YOU HAVE THE RIGHT TO PROTEST AND THE RIGHT TO APPEAL AND TO EXHAUST YOUR REMEDIES OF APPEAL WITHIN THE ORGANIZATION. BUT THE EXERCISING OF YOUR RIGHT OF APPEAL IS NOT COERCION * * *."
The telegram concluded with the recitation of the failure of plaintiff to notify Kordulak Bros. as directed and advised plaintiff that "failure to comply with the order of suspension as herein set out will meen [sic] the revocation of the charter of Local 14 as provided by Section 91 of the UA Constitution."
*237 Instead of availing itself of the appellate procedure provided by the United constitution, plaintiff, on August 13, 1959, commenced the instant action. It ignored its right to take an intermediate appeal from the suspension order to the General Executive Board of United and, if still dissatisfied, a further appeal to the ensuing convention of the entire union.
The constitution of United, in addition to providing in detail for the procedure to be followed from the inception of a complaint by one local against another to the final resolution through the medium of successive appellate steps therein set forth, contains the following pertinent provision:
"No officer, representative or member of the United Association or its Local Unions, or District Councils, or State or Provincial Associations shall resort to court proceedings of any description, in any manner pertaining to this organization or its Local Unions, or his membership, or his office, until all remedies provided for within the United Association's Constitution have been fully exhausted. Violation of this section shall be sufficient cause for expulsion from membership in the United Association and its Local Unions."
The trial court declined to intervene in the jurisdictional dispute. It held as follows:
"It is the policy of the courts of this State not to intervene in the affairs of Labor Unions or other voluntary organizations until it is shown that the remedies within the organization have been exhausted, or that resort to such remedies would be futile, illusory or vain. Jorgensen v. Pennsylvania R.R. Co., 25 N.J. 541 (1958). No such showing has been made here."
In Jorgensen, supra (25 N.J., at page 556) the doctrine of "exhaustion of remedies" was recognized as well established in New Jersey. It was there also noted, however, that it is not an absolute rule but is subject to several exceptions, some of which are listed in the same decision (25 N.J., at page 558). One of these exceptions, emphasized in plaintiff's brief and there denominated the "question of law" exception, is illustrated by the cases of Nolan v. Fitzpatrick, 9 N.J. 477 (1952), and Swede v. City of Clifton, 22 N.J. 303 (1956). Plaintiff relies heavily on those *238 decisions and contends that the interpretation of the aforesaid Trade Line Agreement involves a "question of law," the resolution of which justified its present recourse to the courts. In resolving this contention we find it unnecessary to pass upon defendants' argument (rejected by plaintiff) that the Nolan and Swede cases do not support plaintiff's position because the "questions of law" there involved were concerned with "interpretation of statutes" as contrasted with the interpretation of a contract. Quite apart from that issue we find that in the case at bar plaintiff is prevented by the very terms of its contractual relationship with United from presently seeking court aid to resolve what it characterizes as a "question of law." Plaintiff had, as above-noted, agreed that the "right to decide all matters pertaining to trade and territorial jurisdiction of its affiliated Local Unions" was reserved to the United Association. In addition, as above-noted, plaintiff had agreed to the United constitutional provision that it was obliged to exhaust the internal remedies available to it before resorting to a court of law. In such a situation the following language from Cameron v. International &c., Union No. 384, 118 N.J. Eq. 11, 19 (E. & A. 1935), is particularly cogent:
"* * * even if property rights are involved, and the rules of the association provide a remedy within that body, and the members have agreed to exhaust that remedy before application to the law courts, the latter will not interfere until that remedy has been exhausted * * *."
See also, Siena v. Grand Lodge, etc., Order Sons of Italy, 11 N.J. Super. 507, 517 (App. Div. 1951); Dragwa v. Federal Labor Union No. 23070, 136 N.J. Eq. 172, 180 (Ch. 1945). In the opinion by Judge Scherer in Derling v. Di Ubaldi, 59 N.J. Super. 400 (Ch. Div. 1960), the following statement appears (59 N.J. Super., at page 408):
"* * * As was said in Elgin, Joliet & Eastern R. Co. v. Burley, 325 U.S. 711, 749, 65 S.Ct. 1282, 89 L.Ed. 1886, 1908 (1945), courts ought not to disregard and displace the arrangements *239 which members of a union voluntarily establish for their reciprocal interests and by which they bind themselves to be governed, but should require all available remedies within the union to be exhausted before judicial redress is sought."
Plaintiff next asserts that procedurally the trial court erred in granting the motion for summary judgment. It contends: (a) that the only issue properly before the trial court at the time the court acted in dismissal of plaintiff's complaint was the question of the continuance of the interim restraint granted to plaintiff on the issuance of the order to show cause as aforesaid; (b) that on the return day of its notice for summary judgment defendants had filed an answer which "includes seven separate defenses, embracing at least all contentions that might be ascribable to argument under the motion, though nothing was separated from argument on return of the rule"; and asserts in its brief that it was "difficult to determine whether this motion was intended to be one for summary judgment * * * under R.R. 4:58-2 or one for judgment on the pleadings under R.R. 4:12-3," citing language employed by the court in Bruno v. City of Long Branch, 35 N.J. Super. 304, 309 (App. Div. 1955), affirmed 21 N.J. 68 (1956). However, in contrast to Bruno, there is no doubt from the record before us that, despite possible criticism that the motion papers were not drawn with the precision or with the degree of clarity which should obtain, and the judgment is not couched in the precise language of the rule, the defendants without question moved for summary judgment under R.R. 4:58-2. The challenged judgment so states. A motion for such judgment may be made at any time. After noting the appearance of counsel for plaintiff "on plaintiff's motion for a temporary injunction" and noting the appearance of counsel for defendant United, the judgment reads as follows:
"* * * on motion of said defendant for summary judgment, and by * * * attorney for defendant Local Union No. 274 * * * on motion of said defendant for summary judgment, and on the Order to Show Cause herein filed August 13, 1959 and the *240 complaint and answers thereto and on the affidavits and exhibits filed by the respective parties, and the Court having heard the argument of counsel on September 1, 1959 and at a continued hearing on September 11, 1959, and the Court being of the opinion that on the pleadings, affidavits and exhibits plaintiff is not entitled to a temporary injunction herein, and that defendants The United Association and Local No. 274 are entitled to judgment dismissing the complaint as a matter of law, and the Court having filed its opinion in writing on September 23rd, 1959, it is on this 29th day of September, 1959
ORDERED that plaintiff's motion for a temporary injunction be and the same hereby is, in all respects, denied; and it is further
ORDERED that judgment be entered in favor of the defendants, The United Association of Journeymen and Apprentices of The Plumbing and Pipefitting Industry of The United States and Canada and Local Union No. 274 of The United Association of Journeymen and Apprentices * * * of The United States and Canada, against the plaintiff dismissing the complaint together with costs to be taxed."
Plaintiff's further assertion that confusion in determining the basis for the court's action stems in part from the filing of the answer on the return day of the notice of motion is not sound. Defendants agree with plaintiff's assertion that the answer merely embraces contentions which were incorporated in the papers presented on the motion for summary judgment. There is no doubt that the court's action included consideration of the affidavits and exhibits submitted by the respective parties on the motions for summary judgment. The fact that United filed an answer at the time stated does not render erroneous the trial court's action in dealing with the summary judgment motions. The fact that it considered those motions on the adjourned day of the order to show cause and in its judgment disposed of them, as well as the application for the injunction, does not create any error of which plaintiff may complain. The record discloses that plaintiff actively participated in the argument on the motions and filed an answering affidavit for the court's consideration. It now alleges that the trial court's action in granting the motions for summary judgment and dismissing the complaint instead of considering merely *241 the question of the continuance of the restraint was unjustified. We disagree.
Plaintiff next contends that the issue which "lies at the core and center" of this problem is the meaning of the "trade line agreement" which plaintiff contends presents a "genuine issue" barring the court from the dismissal of the complaint and that its action in so doing was "untenable." This argument ignores the fact that the trial court based its dismissal of the complaint, on the motions for summary judgment, on plaintiff's failure to "exhaust its remedies" by using the machinery of United established for that specific purpose, which machinery, as we have heretofore determined, plaintiff had contractually obligated itself to use. The stated basis for the trial court's judgment eliminated any necessity for the court to resolve the divergent contentions of the parties as to the true meaning of the trade line agreement. The question of determining trade jurisdiction, together with all other questions of trade and territorial jurisdiction, had been committed by plaintiff to United.
To adopt plaintiff's contention that it was entitled to invoke court aid by filing its complaint at the time in question, without even availing itself of the intermediate appeal to the Executive Board, would render nugatory the contractual arrangement "voluntarily" established by the parties "for their reciprocal interests," (Derling, supra, 59 N.J. Super., at page 408).
Plaintiff further urges that the court's dismissal of the complaint should be reversed because it was apparent that any relief through the medium of the machinery provided by the United constitution would be "vain, illusory and void." The trial court found no justification whatever for plaintiff's contention in that regard. Our examination of the record leads us to the same conclusion. The mere fact that the General Organizer had resolved the issue against plaintiff, that the General President had confirmed his action and that the Executive Board had approved the General President's refusal to accept the plaintiff's qualified recognition *242 of the General Organizer's ruling, did not mean (as urged by plaintiff) that the Executive Board had prejudged the merits of the case. Furthermore, it did not show, as urged by plaintiff, that there would be anything vain or illusory in the ultimate consideration of the matter by the convention if on appeal by plaintiff its contentions were rejected by the Executive Board and plaintiff were to take a further appeal to the convention.
Plaintiff next contends that the trial court's action should be reversed because it did not make any "findings" or arrive at any "conclusions" on which the dismissal of the complaint "could be grounded." Initially it is noted that in deciding a motion for summary judgment the trial court is not obliged to make "findings of fact and conclusions of law." R.R. 4:53-1. However, in the case at bar, the record reveals that the court did find that the plaintiff had not exhausted its remedies and it did conclude that because thereof defendants' motions for summary judgment should be granted. No further findings or conclusions were necessary.
We have considered the remaining points presented by plaintiff and find them to be without merit. The judgment of the trial court is affirmed.